■ In the Matter of the Probate of the Will of A. HARRISON REYNOLDS, Deceased. GEORGE L. MALTBY et al., Respondents; DE ETTE S. JOHNSON et al., Appellants.— Order unanimously affirmed, without costs. Memorandum: The contestants shall serve their objections within 10 days of the entry of the order herein (cf. SCPA 302, subd. 1, par. [c]) and proponents shall serve their demand for particulars within 10 days of the service upon them of the amended objections. The bill of particulars shall be served within 10 days of the demand for it (SCPA 102; CPLR 3042, subd. [a]) and the case then placed on the Surrogate's Court Ready Calendar. The record indicates that this matter has not progressed with reasonable expedition. The parties should avoid further delay of the trial of the issues involved. (Appeal from order of Chautauqua County Surrogate's Court, permitting amendment of objections.) Present — Goldman, P. J., Del Vecchio, Witmer, Moule and Henry, JJ.

■ PATRICIA MALONEY, as Administratrix of the Estate of THOMAS MALONEY, Deceased, Respondent, v. BUFFALO SAVINGS BANK, Appellant.— Order unanimously modified in accordance with memorandum and, as so modified, affirmed, without costs. Memorandum: In its answer to plaintiff's complaint in this action to recover the death benefit under a life insurance policy, defendant alleges as a defense that the insured made material misrepresentations in his application for insurance by stating that he had not been under medication or on a special diet in the preceding year, that he had not had nor been treated for high blood pressure and had not sought treatments or consultation by or with a physician within three years. Special Term erroneously limited examinations of the two physicians who had treated decedent to these alleged misrepresentations. CPLR 3101 (subd. [a]) requires full disclosure of all evidence material and necessary in the defense of an action. If there is any possibility that the information sought in good faith will have a possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered evidence material in the defense (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.07; *Matter of Comstock*, 21 A D 2d 843, 844). " The words, 'material and necessary' are * * * to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity * * * to permit discovery of testimony 'which is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable.' " (*Allen* v. *Crowell-Collier Pub. Co.*, 21 N Y 2d 403, 406-407.) The order should be modified by deleting the second decretal paragraph thereof, and substituting for the third paragraph a direction that the witnesses produce at the examination all medical records in their possession relating to decedent's physical condition and their care and treatment of him. (Appeal from order of Erie Special Term granting pretrial examination in action on certificate of insurance.) Present — Goldman, P. J., Del Vecchio, Witmer, Moule and Henry, JJ.