■ MOHN SUPPLY COMPANY, INC., Appellant, v SISTERS OF ST. JOSEPH OF ROCHESTER, INC., Respondent. (Appeal No. 1.) — Order unanimously modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: In this action for the delivery of goods and services covering a period from 1965 to 1977, defendant interposed an affirmative defense asserting that plaintiff is guilty of laches in that its conduct led defendant to believe that the goods and services delivered "were in the nature of gifts and benevolences made by the plaintiff to the defendant." The suit is for supplies and maintenance provided for the operation of a swimming pool on defendant's property. Plaintiff sought to take the deposition of Sister Mary Magdalene, who had the responsibility for pool maintenance and of Mother Agnes Cecelia, a superior of defendant corporation, with respect to a meeting she had with representatives of plaintiff concerning statements previously submitted for goods and services. Plaintiff claims that this meeting is critical on the issue of the affirmative defense. Defendant has already had discovery of plaintiff with regard to its affirmative defense. CPLR 3101 (subd [a]) requires full disclosure of all evidence material and necessary in the prosecution or defense of an action. "Disclosure is required as to all evidence relevant to the case and as to all information reasonably calculated to lead to relevant evidence" (Siegel, New York Practice, § 344, p 422; see, also, *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). Where the information sought in good faith will have a possible use as evidence in chief or in rebuttal, or for cross-examination, it falls within the scope of the statute as "material and necessary" and discovery should be permitted (see *Maloney v Buffalo Sav. Bank,* 41 AD2d 591; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.07). Special

Term properly granted the application to examine Sister Mary Magdalene but erred in denying the application to depose Mother Agnes Cecelia. (Appeal from order of Monroe Supreme Court — discovery.) Present — Cardamone, J. P., Simons, Doerr and Witmer, JJ.