Jacob Mabkowitz, J.
The claimant, by motion, seeks the signing and issuing by the court of subpoenas duces tecum, directing the production of the appraisals heretofore made, of the real estate, which is the subject of this condemnation proceeding.
The claimant, an owner of real estate in the within condemnation proceeding, contends that in or about September, 196-1, an appraisal was prepared by the Department of Beal Estate of the City of New York and submitted to the Board of Estimate in conjunction with the subject property. That since that date additional appraisals of the subject property were made by the Department of Beal Estate of the City of New York, the Corporation Counsel’s office of the City of New York, and the Comptroller’s office of the City of New York.
The City of New York, while not denying the preparation of the 1961 valuation, however, contends that appraisals made by city experts other than the one who will testify in this proceeding, may not be admitted in evidence or -subject to subpoena, presumably on the theory that they are part of the ‘ ‘ work product ”.
Section 3101 CPLB exempts from disclosure the work product of an attorney (subd. [c]), and material prepared for litigation such as an expert opinion or a writing created by a party or his agent in preparation for litigation (subd. [d]). The expanding concept of maximum disclosure would require that the former category be confined only to material prepared by an attorney, an attorney, containing his notes, analysis, and trial strategy. Certainly this is inapplicable here. Insofar as subdivision (d) is concerned, there is no indication that the appraisals sought were prepared exclusively for litigation, and even if they were prepared with litigation in mind, this was not the dominant purpose of their preparation. Their main purpose was to aid the Board of Estimate in performing its functions or the city in acquiring the property. Nor do they come within the exemptions of section 1114 of the City Charter, since this section is *175 inapplicable to pending proceedings. Nor is a question of government privilege here involved, since there is no indication that withholding of this information is necessary for reasons of security or public policy.
The foregoing is applicable to all appraisals, and not limited only to those actually submitted.
There is no question that the material sought may be admissible at the trial if a proper foundation is laid as an admission against interest (Matter of City of N. Y. [Marshall], 16 A D 2d 570, 577).
The motion is, accordingly, granted, and the subpoenas duces tecum signed.