In the Matter of KATZ BUFFALO REALTY, INC., Respondent, v. JAMES A. ANDERSON, as Assessor of the Village of Kenmore, et al., Appellants.— Order insofar as appealed from reversed, without costs of this appeal to either party, and motion denied. Memorandum: Respondents appeal from an order of Erie Special Term which granted petitioner's motion to examine the Village Assessor and various village records, before the trial of this proceeding brought under article 7 of the Real Property Tax Law to review the village assessment of petitioner's real property. Such an examination should not be allowed to disclose evidence which is not material and necessary in the prosecution or defense of the proceeding (CPLR 3101). While a proceeding to correct an assessment has been called a proceeding to review and has been referred to as a certiorari proceeding it reviews nothing. It is a trial *de novo* to decide whether the total assessment of the property is correct and if it is not to correct it. (*People ex rel. Manhattan Ry. Co.* v. *Barker*, 152 N. Y. 417; *People ex rel. Thomson* v. *Feitner*, 168 N. Y. 441; *People ex rel. Jamaica Water Supply Co.* v. *State Board of Tax Comrs.*, 196 N. Y. 39; *People ex rel. MacCracken* v. *Miller*, 291 N. Y. 55.) The petition herein alleges that the assessment is erroneous by reason of overvaluation and being made at a higher proportionate valuation than the assessments of other property on the same assessment rolls. It presents the usual issues requiring determination of the full value of the property and the equalization rate which customarily is based upon expert testimony. Anything the Assessor did or failed

to do would be irrelevant on such issues. "Petitioner must establish that the assessment is too high and, failing that, any error of the Assessors is without import." (*Matter of Metropolitan Life Ins. Co.* v. *Tax Comm. of City of New York*, 22 A D 2d 870, 871.) In our opinion the examination ordered herein would not disclose material and necessary evidence. Furthermore, the order is unnecessarily broad and inclusive, to the extent that it amounts to judicial harassment. This should not be permitted under the guise or semblance of liberality. The order should be reversed. All concur, except Goldman and Del Vecchio, JJ., who dissent and vote to affirm in the following Memorandum: We would affirm the order of the court below by which Special Term, in the sound exercise of its discretion, allowed an examination before trial of the city's tax Assessor and his books and records. CPLR 408 provides for disclosure on court order in special proceedings and CPLR 101 makes the practice act applicable to civil judicial proceedings in all courts except where the procedure is regulated by inconsistent statute. Nothing contained in article 7 of the Real Property Tax Law, which authorizes special proceedings to review assessments, limits disclosure or is inconsistent with the disclosure provisions of article 30 of the CPLR. Accordingly, the devices there set forth for obtaining information prior to trial are available in tax assessment proceedings and, in furtherance of the purpose of disclosure proceedures "to advance the function of a trial to ascertain truth and to accelerate the disposition of suits" (*Rios* v. *Donovan*, 21 A D 2d 409, 411), are properly permitted in such proceedings. (See *Matter of Sheridan Gardens* v. *Fredette*, Supreme Court Special Term, Rensselaer County, Jan. 15, 1965.) Respondents did not make any showing that the disclosure sought would create undue oppression or annoyance; the mere fact that the Asessor is a public official does not justify blanket denial of pretrial examination. (*City of Buffalo* v. *Hanna Furnace Corp.*, 305 N. Y. 369, 377.) The information sought by petitioner might serve as evidence-in-chief in its attempt to prove inequality of assessments or might be useful for purposes of cross-examining the Assessor, whose valuation it will bear the burden of proving to be erroneous. (*People ex rel. Wallington Apts.* v. *Miller*, 288 N. Y. 31, 33.) In that circumstance, Special Term did not abuse its discretion in ordering the disclosure. (*Matter of Comstock*, 21 A D 2d 843, 844; *Avila Fabrics* v. *152 W. 36th St. Corp.*, 22 A D 2d 238, 241.) (Appeal from part of an order of Erie Special Term, granting petitioner's motion for examination of respondent Anderson, Assessor of Village of Kenmore, and the production of records, books, papers, etc.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.