In the Matter of IRVING H. LESSEN, Respondent, v. HARVEY STEVENS et al., as Assessors of the Town of Cazenovia, Appellants.— REYNOLDS, J. Appeal from an order of the Supreme Court, Madison County, granting respondent's motion to take the deposition of appellant Harvey Stevens and the William J. Richards Co., Inc. [Richards Co.] pursuant to CPLR 3101 (subd. [a]). Respondent seeks to review the assessment for the years 1966–67 and 1967–68 of certain real property owned by him and located in the Town of Cazenovia, Madison County. The instant motion seeks to examine Harvey Stevens, one of the town assessors, and the Richards Co., who had appraised all the parcels of the land in the County of Madison, including those in the Town of Cazenovia, pursuant to a contract with the County of Madison. Special Term, after noting in its decision that one of the issues in the litigation was whether the assessors had made the determination as to valuation thereunder as required or had merely adopted the valuation of the employed experts, granted the motion for an examination "concerning the method and manner and factors considered in assessing petitioner's real property in the Town of Cazenovia in the years 1966 and 1967, and the reliance given by the assessors to the company's valuation of real property in the Town of Cazenovia, and also all records, cards, papers and instruments used by the said William J. Richards Co., Inc. and furnished to the said assessors". In our opinion the motion was prop-

erly granted. We find no merit in appellants' contentions that there are no grounds for examining the Richards Co. or the named assessor. It is clear that if, as alleged, the assessors merely accepted without an independent evaluation the figures of the experts, the respondent will have established the invalidity of the assessment process. The sanctioned purpose of the examination is not as asserted by appellants to examine the particular "mental processes and formula" used by the assessors in arriving at their determination, assuming *arguendo* that such would be improper, but whether they, in fact, themselves made a determination. Nor are the materials of the Richards Co. involved here materials prepared for litigation (see *Matter of City of N. Y. [Bleecker St.]*, 43 Misc 2d 173). Finally it is urged that the order rendered is too broad in that it permits discovery beyond the fundamental issue as to whether the board made the decision. Respondent asserts that there are more issues in the case than that of whether the board made the decision and that, therefore, discovery should not be made more limited. We do not, however, here have to reach the more difficult question of whether discovery would be permissible as to the other issues raised, for in our opinion the scope of the order, considering the latitude permitted in modern pretrial examination, is not excessively broad. Order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Reynolds, J.