■ BLOOMING GROVE PROPERTIES, INC., et al., Respondents, v. BOARD OF ASSESSORS OF THE TOWN OF BLOOMING GROVE, Appellant.— In three proceedings to review assessments of real property for taxation, the appeal is from an order of the Supreme Court, Orange County, dated June 23, 1969, which, *inter alia*, consolidated the proceedings and granted petitioners' motion to examine appellant before trial, subject to certain directions set forth in the order with respect to the manner in which the examinations are to be conducted. Order modified on the law and in the exercise of discretion, by striking therefrom the last two decretal paragraphs and substituting therefor the following: " Ordered that the petitioners are hereby granted leave to serve upon respondent interrogatories posing the following questions only: Is there a fixed equalization rate within the town, and if there is, what is the rate, and is it applied uniformly to all the properties within the town?" As so modified, order affirmed, without costs. It is well settled and indeed conceded by all parties to the instant controversy that the duty of assessors is judicial in character and that when acting in this capacity they should not be examined before trial as to their mental processes and formulae used in arriving at their determinations (*Matter of Limerick* v. *Fitzgerald,* 29 Misc 2d 185). The reason for this is that whether or not a specific assessment is assailable is tested not by the formula used by the assessors but the fairness and reasonableness of their conclusion. In addition, we are mindful of the numerous proceedings brought every year to review municipal tax assessments each year; and to subject the assessors to examinations before trial would severely impede the proper performance of their statutory duties. On the other hand, we recognize that

the specific questions as to which the petitioners herein seek disclosure do not concern themselves with the product of the assessors. To safeguard against the possibility of any unauthorized probing activities on behalf of the petitioners and yet afford them the opportunity to seek the answers to their specific questions, we grant them leave to serve interrogatories on the appellant for a limited purpose. Martuscello, Acting P. J., Latham, Kleinfeld, Brennan and Benjamin, JJ., concur.