■ In the Matter of NATIONAL FUEL GAS DISTRIBUTION CORPORATION et al., Respondents, v STATE BOARD OF EQUALIZATION AND ASSESSMENT, Appellant, and NIAGARA-WHEATFIELD CENTRAL SCHOOL DISTRICT et al., Intervenors-Respondents. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered May 26, 1981, in Albany County, which, in a proceeding pursuant to article 7 of the Real Property Tax Law, granted petitioners' motion for leave to conduct an examination before trial of respondent State Board of Equalization and Assessment. Petitioners, National Fuel Gas Distribution Corporation and National Fuel Gas Supply Corporation, are engaged in providing natural gas distribution services to customers in the western part of New York State, and respondent State Board of Equalization and Assessment (SBEA) is a State agency vested by statute with the exclusive authority to determine the assessed value of all special franchise properties in the State. The instant proceeding was commenced by petitioners, pursuant to article 7 of the Real Property Tax Law, to have the assessments of their special franchise properties for the 1980-1981 tax year reduced or set aside on the ground that the assessments in question are erroneous by reason of overvaluation, inequality and illegality. When petitioners subsequently moved for an order pursuant to CPLR 408 granting them leave to take the deposition upon oral questions of the SBEA, their motion was granted, and the present appeal ensued. We hold that the challenged order should be affirmed. As petitioners make clear in their brief, they wish to question the SBEA concerning the allegedly voluminous and complex facts forming the basis of their assessments so as to simplify the issues for trial in the interests of judicial economy. In our judgment, their request was properly granted as useful and reasonable (cf. *Matter of Food Fair v Board of Assessment Review of Town of Niskayuna,* 78 AD2d 335). However, in so ruling, we would further note that petitioners are not entitled to examine the SBEA's assessors as to the mental processes and formulae they used in arriving at their determinations (*Blooming Grove Props. v Board of Assessors of Town of Blooming Grove,* 34 AD2d 953). Order affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Mikoll, JJ., concur.