■ In the Matter of CITY OF AMSTERDAM, by its WATER COMMISSIONERS AND WATER DEPARTMENT, Respondent, v BOARD OF ASSESSORS OF THE TOWN OF PROVIDENCE et al., Appellants. — Appeal from that part of an order of the Supreme Court at Special Term (Amyot, J.), entered February 16, 1982 in Saratoga County, which, in a proceeding pursuant to article 7 of the Real Property Tax Law, granted petitioner's motion to compel production for discovery and inspection of, *inter alia,* assessment field books, notes, calculations and other writings used by respondents' tax assessors in assessing petitioner's property. While it is true that the items in question might shed light on the disparity between the tentative and final assessments levied against petitioner's property in 1981, examination of field books, notes and calculations is neither material nor necessary in effecting a resolution of the sole issue for consideration — the fairness and reasonableness of the final assessment (*Matter of Metropolitan Life Ins. Co. v Tax Comm. of City of N. Y.,* 22 AD2d 870, affd 16 NY2d 935). Their disclosure would constitute an impermissible inquiry into the formulae and mental processes employed by the assessors in arriving at their determinations (*Matter of National Fuel Gas Distr. Corp. v State Bd. of Equalization & Assessment,* 86 AD2d 707; *Blooming Grove Props. v Board of Assessors of Town of Blooming Grove,* 34 AD2d 953). The liberal interpretation given CPLR 3101 in *Allen v Crowell-Collier Pub. Co.* (21 NY2d 403, 406-407) does not require a different result, for even under the standards set forth there the material sought must be " 'sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable' ". Since the methods used in making a specific assessment are irrelevant, disclosure of these methods cannot be said to relate to the product of the assessors, which is the only issue in litigation. Nor are the documents

discoverable by virtue of the fact petitioner maintains that the property assessed is improperly described and, as described, incapable of being identified or located. The sufficiency of these descriptions is to be determined on their face or by reference to a tax map and, should they be found to be too vague and indefinite, they will be stricken from the tax roll (*Matter of Berzal Co. v Hyland,* 74 AD2d 955, 956). The disclosure sought here goes to the heart of the assessment procedure and is as disruptive of the assessment process as forcing the assessors to submit to an examination before trial. In fact, disclosure of the documents in question would most certainly result in requests to have the assessors explain their notations and calculations, thereby severely impeding them in the performance of their statutory duties (*Blooming Grove Props. v Board of Assessors of Town of Blooming Grove, supra*). In ruling as we have, we do not intend to inhibit disclosure, in proper circumstances, of the methods of determining equalization rates (see *Matter of 860 Executive Towers v Board of Assessors of County of Nassau,* 79 Misc 2d 821, affd 47 AD2d 603) or to prevent the clarification of voluminous and complex facts contained in an assessment (*Matter of National Fuel Gas Distr. Corp. v State. Bd. of Equalization & Assessment, supra*). Order modified, on the law and the facts, by denying disclosure of the material sought in Items Nos. 3, 5 and 6 of petitioner's notice for discovery and inspection, and, as so modified, affirmed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.