OPINION OF THE COURT
D. Bruce Crew, III, J.
By separate petitions in these proceedings the petitioners seek a review of tax assessments levied on their respective properties in the Town of Van Etten, New York, for the years 1982 and 1983.
Initially, the court must deal with a legal issue before proceeding to the merits. Petitioners seek to preclude respondents from offering evidence of value of the subject premises through their assessor. Petitioners retained an appraiser for the purpose of appraising the subject property and thereafter filed their appraisal report with the Administrative Judge pursuant to special rule adopted by the Appellate Division, Third Department (22 NYCRR 839.2). *78 The respondents chose not to retain an appraiser and, therefore, did not file an appraisal report pursuant to the aforesaid rule. At the trial of this matter the respondents swore their assessor for the purpose of having him testify as to the manner in which he arrived at the assessments in question and thereby establish value. Petitioners objected to the offer of any such testimony on the ground that the respondents’ failure to file an appraisal report precludes them from offering any testimony on value (22 NYCRR 839.2 [d]). Admittedly, the rule is capable of such a narrow construction, but for the reasons hereafter stated the court declines to so construe it.
Insofar as this court can determine this is a matter of first impression of significant importance not only to the instant respondents but to any small town or village which finds itself, by reason of fiscal constraints, unable to justify substantial expenditures for retention of an expert in this kind of proceeding. The special rule in question was promulgated pursuant to the dictates of CPLR 3140. That section was adopted by the Legislature to promote the expeditious trial and settlement of tax review proceedings by providing for the exchange of reports which otherwise would be privileged from discovery as material prepared for litigation (Governor’s Memorandum, McKinney’s Session Laws of NY, 1967, p 1536; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3140:l, p 687; CPLR 3101, subd [d]). Thus the legislation and the special rule adopted pursuant thereto were founded upon a desire to have the reports of expert witnesses, retained for purposes of the litigation, in the hands of opposing counsel well in advance of trial. As observed by the Appellate Division, Third Department: “The special rule was enacted to aid in the expeditious disposition of such proceedings. Not only does the rule aid in disclosure, but it allows opposing counsel to adequately prepare for an effective cross-examination of a party’s expert witness, thereby abbreviating proceedings which must delve into complex construction, cost and engineering data” (Matter of Consolidated Edison Co. v State Bd. of Equalization & Assessment, 83 AD2d 355, 358; emphasis added). It would seem, therefore, that the special rule is directed at retained *79 expert witnesses and not at the parties themselves, in this instance the town assessor. Interestingly, the Legislature has afforded municipalities the option of employing experts to appraise real property for the assistance of the assessors in assessing property and to give expert testimony in proceedings of this sort (Real Property Tax Law, § 572). However, having opted not to do so, it strikes the court as wholly incongruous that the town assessor should now be precluded from offering testimony as to the manner in which he arrived at the assessment in question simply because he has no appraisal report to exchange. As was pointed out in People ex rel. Jamaica Water Supply Co. v State Bd. of Tax Comrs. (196 NY 39, 50): “When the action of assessing officers, however, is questioned by a writ of certiorari under the Tax Law, the court is authorized by the statute to take further and additional proof as to the true value of the assessed property, and upon such proof, in addition to the evidence before the assessing officers, it must endeavor to reach a correct conclusion as to what is a proper valuation” (emphasis added). Clearly, what criteria the assessor utilized in arriving at assessed value may be probative in a proceeding such as this one and should be entitled to whatever weight the trier of the fact deems appropriate to accord it.
The court appreciates that the result reached here permits an apparent circumvention of the purposes envisioned by the adoption of CPLR 3140 and the rule promulgated as a result thereof. However, petitioners in such proceedings need not be without remedy in these somewhat unusual circumstances. While the general rule is that the concern of the court in tax certiorari proceedings is with the correctness of the assessment imposed and not the manner in which it was determined, thereby precluding pretrial examination of the assessor (e.g., Matter of National Fuel Gas Distr. Corp. v State Bd. of Equalization & Assessment, 86 AD2d 707), pretrial disclosure in such proceedings is permissible upon a showing that such is material and necessary (Matter of Katz Buffalo Realty v Anderson, 25 AD2d 809; Consolidated, Edison Co. v State Bd. of Equalization & Assessment, 112 Misc 2d 422; CPLR 408). In the unusual case, such as here, where it is apparent that respondents *80 intend to offer no expert testimony other than that of their assessor in establishing value, an appropriate case would seem to be presented for pretrial examination of him and his books and records for appropriate use upon cross-examination (Matter of Katz Buffalo Realty v Anderson, supra, at p 810, dissenting mem).* Accordingly, the petitioners’ objection to the offered proof by the assessor is overruled and his testimony will be considered by the court in reaching a decision on the merits.

 It might be the better practice in cases such as this that the assessor be required to" prepare and file an appraisal report. Certainly such a procedure would relieve him of the onus of protracted pretrial disclosure. However, such a requirement is best left to determination by the Appellate Division.