■ In the Matter of ELINORE M. LEAMAN, Appellant, v FRANK AMBROSIO et al., as Assessors of the Town of Canaan, Respondents. [637 NYS2d 238] —Spain, J. Appeal from an order of the Supreme Court (Cobb, J.), entered March 21, 1995 in Columbia County, which, in a proceeding pursuant to RPTL article 7, denied petitioner's motion for discovery.

Petitioner, the owner of an unimproved parcel of land in the Town of Canaan, Columbia County, commenced this proceeding pursuant to RPTL article 7 challenging her 1992 assessment as excessive and unequal. According to her petition, petitioner received a notice of tentative valuation of the parcel in question in the amount of $171,000; alleging that said valuation was predicated upon an erroneous size of 32 acres, she advised respondents that the parcel was actually 21.47 acres and provided a survey reflecting that fact. Thereafter, petitioner filed a timely protest; despite petitioner's complaint, respondents did not reduce the assessment to the value suggested by her. Although the final assessment was set at a value which is lower than $171,000, the size of the parcel was still listed as being 32 acres. Subsequent to the commencement of this proceeding, petitioner moved for discovery of the records and papers furnished to respondents by the independent contractor which had performed Town-wide reassessment services for respondents and for an examination of respondent Frank Ambrosio, the former Chair of the Town's Board of As-

sessors. Petitioner seeks the requested discovery in order to reveal the method, manner and factors considered in reassessing the property in question and to show the degree to which respondents relied upon the work of the independent contractor.

This proceeding distills to a challenge to the reasonableness and fairness of the assessment in question (*see, Matter of City of Amsterdam v Board of Assessors,* 91 AD2d 809). In our view, Supreme Court correctly denied the motion. Petitioner's reliance upon *Matter of Lessen v Stevens* (30 AD2d 740) is misplaced. Nowhere in her petition does petitioner allege any unlawful act on the part of respondents; consequently, the methods and materials used in respondents' determination are not relevant (*see, Matter of Xerox Corp. v Sanger,* 104 AD2d 720, 721; *Matter of City of Amsterdam v Board of Assessors, supra,* at 809-810).

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.