■ In the Matter of SARATOGA HARNESS RACING, INC., Respondent-Appellant, v JOSEPH WILLIAMS, as Assessor of the City of Saratoga Springs, et al., Appellants-Respondents. (And Another Related Proceeding.) [659 NYS2d 938] —Mikoll, J. P. Cross appeals from an order and judgment of the Supreme Court (Keniry, J.), entered July 12, 1996 in Saratoga County, which partially granted petitioner's applications, in two proceedings pursuant to RPTL article 7, to reduce the assessments of petitioner's real property for the tax years 1993 and 1994.

Petitioner is the owner of a 163.33-acre parcel of land in the City of Saratoga Springs, Saratoga County, containing a one-half mile oval harness horse race track, grandstand, clubhouse, paddock, stables, dormitories, barns, administration building, restaurants, maintenance and other accessory buildings, a one-half mile training track and a jogging track. The instant tax certiori proceedings seek judicial review of property tax assessments of $1,085,000 on this property for the tax years 1993 and 1994. The subject property has always been owner occupied and is currently in use as a harness race track consis-

tent with its original purpose and design. All income from the property is related to horse racing, pari-mutuel wagering and associated activities. The property is zoned "INST-HTR, Institutional-Horse Track Related". The 1993 estimated market value of the property was $18,804,159. The equalization rate was then 5.77% while in 1994 the estimated market value was $18,903,439 and the equalization rate 5.74%. The assessor found the property to be a "specialty" and employed the reproduction cost new less depreciation method of appraisal (hereinafter the cost method). Petitioner hired Albert & Sterling Appraisal Company to appraise the subject property. The appraisal company used an income capitalization approach as its sole method of valuation and valued the property at $4,300,000 in 1993 and $3,800,000 in 1994.

In response to petitioner's application for a reduction of its assessments to $446,160 for 1993 and $450,060 for 1994, respondents alleged as an affirmative defense that petitioner failed to prove overvaluation to respondent Assessment Review Board of the City of Saratoga Springs. During the ensuing bench trial in Supreme Court, petitioner presented the testimony of George Wiley, its accountant and controller, and that of Eugene Albert, the author of its appraisal report. Wiley testified to financial data relating to the operation of petitioner's track and a 1987 sale of 200,000 shares of petitioner's stock at $45 per share. Albert described his qualifications to give expert testimony and the facts and methodology he employed in completing his appraisal report.

At the close of petitioner's case and again at the close of the evidence, respondents unsuccessfully moved for dismissal of the petitions for petitioner's failure to prove overvaluation. Supreme Court partially granted the petitions, ruling that respondents had overvalued the property in utilizing the cost method. The court stated that it agreed with the conclusions of petitioner's expert that the valuations of 1993 and 1994 were too high but rejected the expert's findings as to value. Apparently relying on the report of a 1987 sale of 200,000 shares of track stock for $9,000,000 to the present owners, the court found that the market value of the property was $9,000,000 for the tax years 1993 and 1994. The court then computed the proper assessments at $519,300 and $516,600 for 1993 and 1994, respectively, using the equalization rates proposed by respondents. Following entry of judgment, petitioner and respondents cross-appeal.

The order and judgment of Supreme Court should be reversed and the petitions dismissed. Petitioner's appraiser

improperly based his appraisal methodology on assumed facts not in evidence, namely that petitioner had leased the real estate and the race track operation to a tenant who paid rent to petitioner based on a specific percentage of petitioner's track revenues under a nonexistent lease agreement. The assumptions made by petitioner's appraiser are not supported by the record and are therefore invalid, as is his conclusion as to value based on these unsupported assumptions. Supreme Court improperly found that the subject property was not a specialty. As petitioner failed to show by substantial competent evidence that the assessments were overvalued, the validity of respondents' assessments stands.

Horse race tracks have been found to be specialties and valued according to the cost method (*see, e.g., Delaware Racing Assn. v McMahon*, 320 A2d 758 [Del], *revd on other grounds* 340 A2d 837 [a Delaware case apparently relying on *People ex rel. Metropolitan Jockey Club v Mills*, 190 Misc 277, *affd* 273 App Div 971]; *Matter of New York Racing Assn. v Board of Assessment Review*, Sup Ct, Saratoga County, Dec. 13, 1984, Mercure, J.). The subject property is *"uniquely* adapted to the business conducted upon it or use made of it *and* cannot be converted to other uses without the expenditure of substantial sums of money" (*Matter of Great Atl. & Pac. Tea Co. v Kiernan*, 42 NY2d 236, 240 [emphasis in original]). Supreme Court properly found that the only specialty issue for determination was whether a market existed for sale of similar race track property and whether there were comparable sales. Albert admitted that he could not find an appropriate way to analyze his list of 33 purported sales in a manner sufficient to enable him to relate the listed sale prices to the subject property. Petitioner's proof is not sufficient to demonstrate that there is any market for the sale of this race track property (*see, id.,* at 241-242; *Matter of Putnam Theat. Corp. v Gingold*, 16 AD2d 413, 415-416; *see also, Matter of Farone & Son v Srogi*, 96 AD2d 711, *lv denied* 60 NY2d 556; *Matter of Manno v Finance Adm'r of City of N. Y.*, 92 AD2d 896, 897). Thus, Supreme Court erred in finding that the subject property was not a specialty.

Respondents' contention that the income approach utilized by petitioner's expert was improper and is invalid because the subject property had not been rented to any tenant of the owner during the tax years 1993 and 1994 has merit. The appraisal submitted by Albert is seriously flawed in that it is based on critical facts not in evidence (*see, Matter of Lessen v Stevens*, 30 AD2d 740). Absent a factual basis in the record for his opinion, his conclusions are invalid (*see, Matter of City of New York [A.*

& W. Realty Corp.], 1 NY2d 428, 432, 433). Albert has assumed at least two facts that did not occur and which are necessary to validate his expert opinion; first, that there was a rental lease agreement between petitioner and a tenant-operator of the subject property and, second, that rental money was paid from the tenant to petitioner. The facts indicate otherwise, that is, that there was no lease and no payment of rent to petitioner. It is also clear that the invented lease was not the result of arms' length bargaining between petitioner and this unknown tenant operator (see, Matter of Putnam Theat. Corp. v Gingold, supra, at 416-417). Consequently, Supreme Court properly rejected the valuation of the subject property by petitioner's appraiser. This fatal flaw invalidates the appraisal report and the methodology utilized by the appraiser. The presumption of validity of respondents' assessments for the years in question has not been overcome by substantial competent evidence of overvaluation and the petitions must therefore be dismissed (see, Matter of City of Troy v Kusala, 227 AD2d 736, 741, lv denied 89 NY2d 801; Matter of State of New York v Town of Thurman, 183 AD2d 264, 266).

We have considered the parties' remaining arguments and find it unnecessary to address them in view of our decision.

Mercure, Crew III, White and Peters, JJ., concur. Ordered that the order and judgment is reversed, on the law, without costs, and petitions dismissed.