◼ In the Matter of PYRAMID MANAGEMENT GROUP, INC., Appellant, et al., Petitioner, v BOARD OF ASSESSORS OF THE TOWN OF GUILDERLAND et al., Respondents. [662 NYS2d 942] —Mercure, J. Appeal from an order of the Supreme Court (Harris, J.), entered July 8, 1996 in Albany County, which, in a proceeding pursuant to RPTL article 7, *inter alia*, denied a motion by petitioner Pyramid Management Group, Inc. for modification of a discovery order.

Petitioner Pyramid Crossgates Company (hereinafter petitioner), a New York general partnership, owns a shopping mall located in the Town of Guilderland, Albany County. Petitioner commenced these consolidated proceedings for review of the real property tax assessments on the parcels comprising the mall property for tax years 1993-1994, 1994-1995 and 1995-1996. Because petitioner's income-producing property was to be valued according to the income approach, petitioner furnished respondents with a statement of income and expenses for the tax years in question (*see*, 22 NYCRR 202.59 [b]). Respondents thereafter made a request pursuant to 22 NYCRR 202.59 (c)* for a substantiation audit of petitioner's books and records. Although petitioner submitted to the audit, respondents' auditors soon discovered that petitioner had no employees and took no part in the day-to-day management of the mall property but, rather, engaged petitioner Pyramid Management Group, Inc. (hereinafter PMG) to perform the operation and management function, including the creation and maintenance of records regarding petitioner's income and expenses.

Having reason to believe that petitioner and PMG were interrelated entities, respondents' auditors requested disclosure of certain financial records of PMG. Although PMG was willing to furnish financial records it compiled on behalf of petitioner's shopping mall, it was unwilling to provide records of its finances or contracts with other members of the Pyramid "family" of shopping centers, entities that were claimed to be operationally independent of and which had no business dealings with the mall property. Ultimately, respondents sought and obtained an order of Supreme Court compelling disclosure

---

* 22 NYCRR 202.59 (c) provides that "[w]ithin 60 days after the service of the statement of income and expenses, the respondent, for the purpose of substantiating petitioner's statement of income and expenses, may request in writing an audit of the petitioner's books and records for the tax years under review".

of all records that had been demanded by respondents. PMG subsequently sought to intervene in the instant tax review proceedings for the purpose of contesting so much of Supreme Court's order as required it to produce confidential records containing information concerning other mall properties it managed and requesting that the auditors be prohibited from examining any financial records that detailed the business dealings of other nonparty entities. Concluding that submission to PMG's demands would render 22 NYCRR 202.59 (c) meaningless, Supreme Court denied the motion and entered an order compelling PMG to produce the documentation that respondents' auditors deemed necessary for substantiation. PMG appeals.

Because we conclude that Supreme Court did not abuse its broad discretion to supervise discovery in these proceedings (*see, Jackson v Dow Chem. Co.*, 214 AD2d 827), we affirm. We agree with Supreme Court's conclusion that, on the incomplete record before us—incomplete only because of PMG's refusal to turn over the requested financial records—there is good reason to believe that petitioner and PMG are closely interrelated and as such have substantial motivation to manipulate management fees or otherwise shift operating expenses among petitioner, PMG and the other related Pyramid mall entities. We are not at all persuaded by PMG's suggestion that we should merely accept its word on the matter or its circular approach of pointing to respondents' lack of concrete evidence to support its allegations, while it seeks to withhold the very material needed to resolve the issue. We also note that it is petitioner who seeks redress in our courts and who has also chosen to structure its business relationships in the current manner. Having created a confused web of interrelated business entities in such a way as to effectively deprive respondents of access to bills, receipts or other original documentation, and thus any practical means of insuring the accuracy of petitioner's cost figures or of PMG's self-generated records concerning Crossgates Mall expenses, neither petitioner nor PMG will be heard to claim prejudice.

PMG's remaining contentions have been considered and found to be unpersuasive.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.