◼ In the Matter of TOWN OF MAMAKATING, Respondent, v NEW YORK STATE BOARD OF REAL PROPERTY SERVICES, Appellant. [668 NYS2d 261] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered November 25, 1996 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, *inter alia*, denied respondent's cross motion for a protective order.

Dissatisfied with the equalization rate set by respondent for the 1994 tax year, petitioner commenced this CPLR article 78 proceeding challenging that rate. After respondent answered, petitioner moved to compel disclosure of various documents. Respondent thereupon sought a protective order with respect to petitioner's demands for the names and qualifications of its appraisers, and for documents referred to as "turn around" documents. Although Supreme Court concluded that petitioner was entitled to disclosure of the items in question, with the exception of the names of the appraisers, the order entered—from which respondent appeals—grants petitioner's motion "in all respects".

---

Supreme Court, which has broad discretion in this area (*see, Matter of Pyramid Mgt. Group v Board of Assessors*, 243 AD2d 876, 877; *Matter of Xerox Corp. v Duminuco*, 216 AD2d 950), concluded, and we concur, that the lists and documents at issue are, for the most part, "material and necessary" (*see, Matter of Food Fair v Board of Assessment Review of Town of Niskayuna*, 78 AD2d 335, 337) to enable petitioner to intelligently challenge the adequacy of the method used to determine its equalization rate; that is, to demonstrate that respondent's rate-setting decision is not supported by substantial evidence (*see, Matter of Incorporated Vil. of Lynbrook v New York State Bd. of Equalization & Assessment*, 209 AD2d 765, 766; *Matter of County of Nassau v State Bd. of Equalization & Assessment*, 80 AD2d 9, 11). Inasmuch as the rate is premised upon respondent's calculation of the market value of property in the jurisdiction, which, in turn, stems from its appraisal of a sample of purportedly representative properties, the methodology used for selecting the parcels to be appraised (including the reasons for rejecting certain properties, and the means of arriving at substitutes), and performing the appraisals, is at the heart of the rate-setting process (*see, Matter of City of Syracuse v State Bd. of Equalization & Assessment*, 101 AD2d 653, 654, *affd* 64 NY2d 894). Accordingly, the information sought by petitioner, including the lists of properties that were proposed as possibly "comparable" to the parcels being appraised, the reasons for eliminating parcels from the sample of those to be appraised and the way in which substitutes were selected, comprises a significant part of the evidentiary basis underlying the challenged determination (*see, id.*). As that information could assist petitioner in uncovering inadequacies in those aspects of the rate-setting mechanism, it should be disclosed.

While petitioner is not entitled to prehearing disclosure of the thought processes underlying the appraisers' valuation of any particular parcel (*cf., Matter of National Fuel Gas Distrib. Corp. v State Bd. of Equalization & Assessment*, 86 AD2d 707; *Blooming Grove Props. v Board of Assessors*, 34 AD2d 953), respondent has not advanced any convincing reason why the turn around documents themselves (as opposed to any handwritten notes that may have been inscribed thereon by the appraisers) cannot or should not be produced. Respondent's legitimate concern that releasing these documents may have a chilling effect on the appraisers and inhibit their ability or desire to freely communicate their ideas and recommendations within the respondent agency (*cf., Matter of Town of Oyster Bay v Williams*, 134 AD2d 267, 267-268) can be adequately addressed, in this instance, by allowing redaction of any handwrit-

ten material reflecting such expressions of opinion or recommendations. And, although much of the material falling within the scope of request number 18—which seeks "appraiser * * * notes used to determine the value of * * * the survey properties"—will, as a consequence, be rendered undiscoverable, some of those notes may include factual information that should be disclosed.

Because request numbers 10 and 11 in no way implicate the internal thought processes involved in valuing specific properties, however, but merely seek information bearing on the methodology used for selecting the properties to be evaluated, it was not improper to direct that those materials be produced. And, as for petitioner's demand that it be provided the names and qualifications of respondent's appraisers, we find no reason to alter Supreme Court's disposition, except to the extent of rectifying an apparently inadvertent omission from the final order of the court's ruling that the appraisers' names need not be disclosed.

Mikoll, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by denying petitioner's motion insofar as it seeks discovery of the names of respondent's appraisers, and granting respondent's motion insofar as it seeks a protective order barring disclosure of that information; respondent's motion is also granted to the extent that it may redact, from the material produced in response to request numbers 8, 10, 11, and 18, any handwritten notes comprising an appraiser's opinions or recommendations with respect to the valuation of a particular property; and, as so modified, affirmed.