■ In the Matter of SARATOGA HARNESS RACING, INC., Respondent-Appellant, v JOSEPH WILLIAMS, as Assessor of the City of Saratoga Springs, et al., Appellants-Respondents. (And Another Related Proceeding.) [681 NYS2d 153] —Mikoll, J. P. Cross appeals from an order and judgment of the Supreme Court (Keniry, J.), entered July 12, 1996 in Saratoga County, which partially granted petitioner's applications, in two proceedings pursuant to RPTL article 7, to reduce the assessments of petitioner's real property for the tax years 1993 and 1994.

In these tax certiorari proceedings, petitioner sought reduc-

tion of its real property tax assessment for the years 1993 and 1994. At trial petitioner's expert, Eugene Albert, testified to values of $4.3 million and $3.8 million for the years 1993 and 1994, respectively, using a comparable lease income method of valuation. Respondents offered no independent evidence in support of its $19 million assessed value, relying solely on the presumption of validity attached to real property tax assessments. Supreme Court credited Albert's testimony to the extent of accepting his methodology and conclusion that the property was over assessed, but declined to accept his ultimate valuations. Instead, the court fixed the property's value at $9 million, relying principally upon testimony that the racetrack had been sold for that sum in 1987. On direct appeal (241 AD2d 655), we reversed and dismissed the petitions upon the ground that the subject property was a "specialty" and rejected the methodology employed by petitioner's expert. The Court of Appeals reversed (91 NY2d 639), holding that the racetrack is not a "specialty" and sanctioning the use of petitioner's income lease rental valuation method. The matter has been remitted to us for the requisite review of Supreme Court's valuation adjudication.

The parties jointly contend, albeit to different ends, that Supreme Court erred in fixing the value of the property at $9 million based upon the 1987 sale. Both sides also urge that this transaction be disregarded entirely, with petitioner claiming that the only competent valuation evidence would then be that advanced by Albert. Respondents maintain that notwithstanding Albert's use of acceptable methodology, his calculations lack sufficient factual support and are fundamentally flawed. Consequently, respondents argue, petitioner has failed to overcome the presumption of correctness of the existing valuation.

The principal basis upon which the parties object to consideration of the 1987 transaction is that it constituted a sale of the entire racetrack operation and included not only the real property but all assets of the business, including personalty and intangibles such as licenses and good will. Further, they complain that it was too remote from the years in issue to be a reliable index of current value, particularly in view of the downtrends in the racing industry during the intervening years.

Turning first to respondents' attack on the validity of Albert's analyses and conclusions, we note first that the Court of Appeals made a detailed review of the methodology employed and expressly countenanced its use herein. According defer-

ence to Supreme Court's assessment of credibility issues, we find no basis upon which to disturb its findings. The court acknowledged Albert's credentials and credited his testimony to, "at minimum", rebut the presumptive validity of respondent's assessment. It declined, however, to fully adopt his valuations on the basis that they were "too low".

The sole remaining issue, therefore, is whether Supreme Court erred in its wholesale adoption of the 1987 sale price as a denominator of the real property's value for the years in issue. While the court correctly noted that it was not bound by Albert's opinion, even if uncontradicted, it was nonetheless required to base its ultimate conclusion of value on the evidence presented (*see, Matter of City of New York [A. & W. Realty Corp.]*, 1 NY2d 428, 432; *Matter of Blue Hill Plaza Assocs. v Assessor of Town of Orangetown*, 230 AD2d 846, *lv denied* 89 NY2d 804). We conclude that, given the paucity of detail concerning the 1987 transaction, it does not afford an adequate evidentiary basis for determining the value of the real property for the years 1993 and 1994. Indeed, Supreme Court observed that "[n]either party * * * saw fit to present to the court any further details of this sale transaction". For its part, petitioner offered no such evidence because its valuation proof came from Albert.[1] The extent of the evidence concerning this transaction is as follows. Petitioner's comptroller testified that in 1987 the entire racetrack operation was sold for $9 million in a transaction involving the sale of 200,000 shares of stock. Albert made almost incidental reference to this sale as corroborating the values reflected in his report. He explained that given the significant decline in the horse racing industry in the preceding years,[2] as well as the fact that the $9 million price included items in addition to the real property, he was comfortable with the conclusions of his report.

Notwithstanding the foregoing, we cannot say that the 1987 transaction lacks any evidentiary value. Indeed, we note that in their complaints on real property assessment and accompanying petitions, petitioner cited the 1987 transaction, ascribed a value of $7.8 million to the property and prayed for relief based thereon. We therefore determine, according deference to Supreme Court's findings, that the value of the subject property for the years 1993 and 1994 should be fixed at $7.8

1. Data concerning sales of racetracks, including the subject one, was relevant to the question of whether racetracks were "specialties".

2. For example, petitioner's comptroller testified that in 1987 track attendance was 428,667 with a betting handle of $36 million, while in 1993 the attendance was 266,051 with a betting handle of $20.9 million.

million, with consequent assessments thereon in the amounts of $450,060 and $447,720 respectively (*see, Matter of Xerox Corp. v Ross*, 71 AD2d 84, 90, *lv denied* 49 NY2d 702; *Matter of Pollak v Board of Assessors*, 62 AD2d 1019, *lv dismissed* 45 NY2d 872; *Matter of Singer Co. v Tax Assessor*, 86 Misc 2d 631, *affd on opn below* 56 AD2d 655).

Mercure, Crew III, White and Peters, JJ., concur. Ordered that the order and judgment is modified, on the law and the facts, without costs, by reversing so much thereof as assessed the value of petitioner's property at $9 million for tax years 1993 and 1994; petitioner's property is assessed at $7.8 million for said years; and, as so modified, affirmed.