■ In the Matter of PYRAMID CROSSGATES COMPANY et al., Appellants-Respondents, v BOARD OF ASSESSORS OF THE TOWN

OF GUILDERLAND et al., Respondents-Appellants. [731 NYS2d 301] —Mercure, J. P. Cross appeals from an order of the Supreme Court (Marinelli, J.), entered March 1, 2001 in Albany County, which, in a proceeding pursuant to RPTL article 7, *inter alia*, denied petitioners' motions to preclude respondents from seeking any further discovery.

Petitioner Pyramid Crossgates Company (hereinafter PCC) owns a shopping mall located in the Town of Guilderland, Albany County. PCC commenced these consolidated proceedings for review of the real property tax assessments on its mall properties for the tax years 1993-1994, 1994-1995 and 1995-1996. Because PCC's income-producing property was to be valued by the income approach, PCC provided respondents with a statement of the income and expenses on the property for each tax year under review, as required by 22 NYCRR 202.59 (b). In order to substantiate PCC's statement of income and expenses, respondents requested an audit of PCC's books and records for the tax years under review (*see,* 22 NYCRR 202.59 [c]). That audit revealed that a related entity, petitioner Pyramid Management Group, Inc. (hereinafter PMG), managed PCC's income and expenses. Respondents then sought disclosure of certain of PMG's financial records. PMG's subsequent application for a protective order was unsuccessful and, in 1996, Supreme Court (Harris, J.) issued an order compelling PMG to produce the documentation that respondents' auditors deemed necessary for substantiation (hereinafter the 1996 order). On appeal, this Court affirmed (243 AD2d 876, 877).

The audit resumed in December 1997 and, by letter to PMG dated January 21, 1998, respondents identified 25 items concerning which further disclosure was required in order to complete the substantiation audit. In August 1998, respondents served a demand for interrogatories and made two motions: one to obtain materials relating to the substantiation audit and the other to compel discovery of various records from PCC, including some materials that were the subject of the 1996 order. PCC cross-moved pursuant to CPLR 3103 for a protective order upon the ground that it had already furnished the requested information. Ultimately, Supreme Court issued orders dated November 17, 1999 and November 30, 1999 directing PCC and PMG to comply with the 1996 order and satisfy all outstanding discovery demands within 30 days of service; Supreme Court denied PCC's cross motion.

After an exchange of correspondence and conferences concerning the extent of PCC and PMG's compliance with the

outstanding discovery orders and demands, PCC and PMG separately moved for an order establishing that they had complied with all discovery demands and precluding respondents from seeking further discovery. In response, respondents moved pursuant to 22 NYCRR 202.59 (c) and CPLR 3126 to dismiss the tax certiorari proceedings for failure to produce books and documentation necessary to conduct the audit and for failure to comply with the 1996 and November 1999 orders or, alternatively, to set aside PCC's certified statement of income and expenses for 1992, 1993, and 1994 and to prevent PCC from relying upon its certified statement of income and expenses at trial.

Supreme Court denied the motions of PCC and PMG in their entirety and, on respondents' motion, concluded that PCC and PMG had failed to appropriately respond to respondents' demand for interrogatories, to disclose gross sales volumes and to provide material identified in item Nos. 3, 4, 7, 9, 11, 17, 18, 19, 21, 22, 23, 24 and 25 of the January 1998 letter. The court also determined that documents submitted for in camera inspection were responsive to item No. 5 and would be provided to respondents. Finally, Supreme Court precluded PCC and PMG from offering, or relying on at trial, the certified income and expense statement contained in the appraisal report "because [the] same cannot be substantiated," as well as any material that should have been disclosed in response to the demand for interrogatories and item Nos. 3, 4, 7, 11, 17, 18, 19, 21, 22, 23, 24 and 25 of the January 1998 letter. The parties cross-appeal.

Turning first to the appeals by PCC and PMG, recognizing a trial court's broad discretion in determining compliance with discovery demands (*see, Graves v County of Albany,* 278 AD2d 578), we reject the various claims concerning those parties' alleged compliance with respondents' discovery demands and Supreme Court's prior orders. It should be noted at the outset that any disputed issues concerning PCC and PMG's obligation to produce the materials requested in connection with the substantiation audit were finally established in Supreme Court's order of November 30, 1999, which granted respondents' motion to compel production and copies of documents needed to continue the substantiation audit and directed PCC and PMG to provide those documents and responses within 30 days of notice of entry or else be precluded from offering evidence on issues related to such discovery. Simply put, the time for contentions that the material sought by respondents is privileged (the position taken with regard to item Nos. 5, 7 and

19), has already been produced (item Nos. 1, 3 and 16 ), is irrelevant (item Nos. 23, 24) or does not exist (item Nos. 4 and 21) has passed. The varying positions initially assumed by PCC and PMG in opposition to the discovery demands and on their earlier motions for protective orders proved to be unavailing, and they will not be heard to adopt new ones now.

Nor are we persuaded that in issuing its preclusion order, Supreme Court impermissibly resolved disputed issues of fact. Respondents supported their motion with the affidavit of an independent certified public accountant relative to the unexplained discrepancy between the income and expense statement provided by PCC and the source documents that they claim provided the sole basis for that statement: PCC's general ledgers, year-end journal adjustment summaries, and financial statements. According to the expert, PCC's certified income and expense statement cannot be tied to the source documents relied upon by PCC, an opinion which, if uncontradicted by competent evidence, leads inescapably to the conclusion that PCC failed to comply with 22 NYCRR 202.59 (c) and Supreme Court's November 30, 1999 order.

In opposition to respondents' evidentiary showing, PCC submitted an affidavit of PMG's in-house manager of accounting stating that he assigned another accountant the task of linking PCC's general ledgers, financial statements and certified income and expense statement using another PMG employee's account mapping for the year 1994. According to the affidavit, the unidentified second accountant was "able to back into all of the figures using the documents made available to Respondents." As can be seen, not only has the affidavit been given by a person lacking first-hand knowledge of the facts stated, it also fails to limit the source documents to PCC's general ledgers, year-end journal adjustment summaries and financial statements. Further, although a brief affidavit of the PMG financial officer charged with overseeing the preparation of the statement of income and expenses states that he and his staff "referred to" PCC general ledgers, year-end journal adjustment summaries and financial statements to arrive at the figures contained in the statement of income and expenses, he makes no statement that PCC's certified income and expense statement can be tied to PCC's general ledgers and financial statements using the three documents that he now claims were the only ones used to prepare it. Under the circumstances, we agree with respondents that PCC's evidentiary showing fails to raise a genuine question of fact regarding PCC's noncompliance with 22 NYCRR 202.59 (c).

We are of a different view, however, regarding so much of Supreme Court's order as precludes PCC and PMG from offering at trial any evidence or material that was the subject of respondents' demand for interrogatories. It appears that, in making its determination, Supreme Court was under the mistaken belief that PCC had failed to make a formal response to the demand for interrogatories. In fact, respondents concede that such a response was made, albeit 105 days late, in open court on May 11, 2000. At that time, Supreme Court afforded respondents an opportunity to file objections to the interrogatories and it appears that no objection was made. Although Supreme Court had the authority to impose an appropriate sanction for PCC's untimely response, it did not do so.

Briefly addressing the cross motion, we note that "[t]he trial court has broad discretion in the control of the disclosure process [and] [d]eference should be accorded by the appellate court to the trial court's exercise of discretion" (*Matter of General Elec. Co. v Macejka*, 117 AD2d 896, 897). Where a party refuses to comply with a valid discovery demand, the type and degree of the sanction imposed by the trial court will not be disturbed absent a clear abuse of the court's discretion (*see, Young v Knickerbocker Arena*, 281 AD2d 761, 763; *Saratoga Harness Racing v Roemer*, 274 AD2d 887, 888). Given the prevailing standard and all of the underlying facts and circumstances, we conclude that Supreme Court did not abuse its broad discretion in declining to dismiss the proceeding based upon PCC and PMG's failure to comply with 22 NYCRR 202.59.

The parties' additional contentions have been considered and found to be unavailing.

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as precluded petitioners from offering at trial any evidence or material that was the subject of respondents' demand for interrogatories, and, as so modified, affirmed.