Matter of Kosciuszko Plaza LLC v New York City Dept. of Hous. Preserv. & Dev. (2017 NY Slip Op 03914)





Matter of Kosciuszko Plaza LLC v New York City Dept. of Hous. Preserv. & Dev.


2017 NY Slip Op 03914


Decided on May 16, 2017


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2017

Friedman, J.P., Richter, Moskowitz, Gische, Kapnick, JJ.


4042 161835/15

[*1]In re Kosciuszko Plaza LLC, Petitioner-Appellant,
v
New York City Department of Housing Preservation and Development, Respondent-Respondent.


Bernstein Cherney LLP, New York (Hartley T. Bernstein of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Andrea M. Chan of counsel), for respondent.



Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered April 27, 2016, which, inter alia, granted respondent's motion to dismiss as untimely the petition brought pursuant to CPLR article 78 to annul respondent's determination, dated January 13, 2015, denying petitioner's application for tax benefits under the J-51 Tax Incentive Program, unanimously affirmed, without costs.
Respondent's letter, dated January 13, 2015, informing petitioner that it had determined that petitioner's project was ineligible for J-51 benefits was final and binding on petitioner, and the four-month statute of limitations began to run on petitioner's receipt of it (see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]; Matter of Essex County v Zagata, 91 NY2d 447, 453 [1998]). As petitioner acknowledges, the agency's rules do not expressly provide for administrative review of the denial of a petition for J-51 benefits. Nor did petitioner's request for reconsideration and respondent's rejection of the request extend the statutory limitation period (Matter of Fiore v Board of Educ. Retirement Sys. of City of N.Y., 48 AD2d 850 [2d Dept 1975], affd for the reasons stated 39 NY2d 1016 [1976]; see also Matter of Baloy v Kelly, 92 AD3d 521 [1st Dept 2012]).
In light of the foregoing, we do not address petitioner's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 16, 2017
CLERK