Matter of Wythe Ave. Props., LLC v Tax Commn. of the City of N.Y. (2024 NY Slip Op 01816)

Matter of Wythe Ave. Props., LLC v Tax Commn. of the City of N.Y.

2024 NY Slip Op 01816

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2021-05844
 (Index Nos. 403899/13, 404080/14, 401652/15, 404602/16, 405010/17, 402188/18)

[*1]In the Matter of Wythe Avenue Properties, LLC, appellant, 
v
Tax Commission of the City of New York, et al., respondents.

Lawrence J. Berger, P.C. (Jeremy A. Friedman and Lynn Gartner Dunne & Frigenti, LLP, Mineola, NY [Kenneth L. Gartner], of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Andrea M. Chan, Adam C. Dembrow, and Daniel Joy), for respondents.

DECISION & ORDER
In related proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for tax years 2013/2014 through 2018/2019, the petitioner appeals from an order of the Supreme Court, Kings County (Michael L. Pesce, J.H.O.), dated July 13, 2021. The order, insofar as appealed from, denied those branches of the petitioner's motion which were pursuant to CPLR 3025(b) for leave to amend the petitions and to join necessary parties and granted the respondents' cross-motion for summary judgment dismissing the causes of action alleging that the assessments were excessive for failure to receive a partial tax exemption pursuant to Real Property Tax Law § 489(1).
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2009, the petitioner purchased certain real property located in Kings County, intending to convert an industrial building on the premises into a Class A multiple dwelling and to apply for J-51 tax exemption and abatement benefits pursuant to Real Property Tax Law § 489(1). On April 10, 2013, the New York City Department of Buildings (hereinafter DOB) determined that construction of the residential building was complete and issued a permanent certificate of occupancy to the petitioner. The petitioner thereafter applied to the New York City Department of Housing Preservation and Development (hereinafter HPD) for a determination that it was eligible for J-51 benefits.
HPD determined that the petitioner was not eligible for J-51 benefits because, in order to be eligible for such benefits, a project, such as this, undertaken without substantial government assistance, was required to have been completed by December 30, 2011 (see RPTL former 489[1][a], repealed by L 2013, ch 4; RPTL 489[1], [17][b]). As relevant here, a project is complete when DOB issues a permanent certificate of occupancy, and DOB did not issue a permanent certificate of occupancy to the petitioner until April 10, 2013. Thus, the petitioner did not receive J-51 benefits.
The petitioner thereafter commenced six proceedings against the respondents, Tax Commission of the City of New York and Commissioner of Finance of the City of New York pursuant to Real Property Tax Law article 7 to review real property tax assessments for tax years 2013/2014 through 2018/2019, alleging, inter alia, that the assessments were excessive because the petitioner failed to receive the J-51 benefits to which it was entitled.
In 2019, the petitioner moved, inter alia, for leave to amend the petitions to add facts relating to the conduct of HPD and DOB, and to join HPD and DOB as necessary parties. The respondents cross-moved for summary judgment dismissing the causes of action alleging that the assessments were excessive due to the failure to provide the petitioner with J-51 tax benefits. In an order dated July 13, 2021, the Supreme Court, among other things, denied those branches of the petitioner's motion, and granted the respondents' cross-motion. The petitioner appeals.
The Supreme Court did not improvidently exercise its discretion in denying those branches of the petitioner's motion which were for leave to amend the petitions and to join HPD and DOB as necessary parties. Motions pursuant to CPLR 3025(b) for leave to amend "should be freely granted in the absence of prejudice or surprise resulting directly from delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit" (Greater Bright Light Home Care Servs., Inc. v Jeffries-El, 199 AD3d 777, 779).
Here, the proposed amendments were patently devoid of merit. "Any person claiming to be aggrieved by any assessment of real property upon any assessment roll may commence a proceeding under [Real Property Tax Law article 7]" (RPTL 704[1]). "The grounds for reviewing an assessment shall be that the assessment to be reviewed is excessive, unequal or unlawful, or that real property is misclassified" (RPTL 706[1]). Essentially, "a proceeding under RPTL article 7 is in the nature of 'a trial de novo to decide whether the total assessment of the property is correct and if it is not[,] to correct it'" (Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs., 253 AD2d 8, 14, quoting Matter of Katz Buffalo Realty v Anderson, 25 AD2d 809, 809 [emphasis omitted]). The allegations the petitioner seeks to add to the petitions, here, do not come within that purview, but instead, relate to the circumstances which led to the petitioner's ineligibility for J-51 benefits, which the petitioner alleges was caused by certain actions and inaction on the part of DOB. These allegations are outside the scope of a Real Property Tax Law article 7 tax certiorari proceeding (see RPTL 704, 706; cf. Matter of Kosciuszko Plaza LLC v New York City Dept. of Hous. Preserv. & Dev., 150 AD3d 520, 521).
The petitioner has similarly failed to show that HPD and DOB were necessary parties to these proceedings (see RPTL 704[2]; CPLR 1001[a]; 1002[b]; Spector v Toys "R" Us, Inc., 12 AD3d 358, 359).
Finally, the respondents demonstrated their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging that the assessments were excessive for failure to receive a partial tax exemption pursuant to Real Property Tax Law § 489(1), and the petitioner failed to raise a triable issue of fact in opposition.
Accordingly, we affirm the order insofar as appealed from.
IANNACCI, J.P., MALTESE, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court