In the Matter of FOOD FAIR, INC., et al., Appellants, v BOARD OF ASSESSMENT REVIEW OF THE TOWN OF NISKAYUNA et al., Respondents. SOUTH COLONIE CENTRAL SCHOOL DISTRICT, Intervenor-Respondent.

Third Department, January 15, 1981

#### APPEARANCES OF COUNSEL

*Matthew J. Cronin, P. C. (Warren S. Arthur* of counsel), for appellants.

*Tabner, Carlson, Daffner & Farrell (Paul J. Laudato* of counsel), for intervenor-respondent.

#### OPINION OF THE COURT

MAIN, J.

These proceedings were commenced pursuant to article 7 of the Real Property Tax Law to review the real property tax assessments of petitioners for the 1978-1979 and 1979-

1980 tax years. During those years, petitioners were tenants in the Mohawk Mall Shopping Center which is located within the Town of Niskayuna. Food Fair, Inc., is the parent corporation of the other petitioner, J.M. Fields. The petition to review the assessment for the 1978-1979 tax year was filed on August 18, 1978 while the one for 1979-1980 was filed on August 15, 1979. Both petitions claim overvaluation, inequality and illegality as the reasons why review is necessary. Pursuant to stipulation, the South Colonie Central School District (hereafter intervenor) was permitted to intervene in each proceeding and sought discovery and inspection of, *inter alia*, petitioners' 1976 and 1977 leases; itemized income and expenses for 1976 and 1977; and costs and expenses of repairs and renovations of the premises for the same two years. Also sought was information concerning added income from the sale of utilities and services; the cost of utilities and services to the landlord; and operating expenses incurred in managing the premises. When the petitioners moved for a protective order in each proceeding, the intervenor moved to dismiss the petitions and alternatively to amend its answer to assert that petitioners were improper parties because bankruptcy proceedings had been commenced against petitioners and their attorney did not have proper authorization from the Bankruptcy Court. Special Term denied the protective order and ordered discovery of the material requested, denied intervenor's cross motion for dismissal but granted leave to amend its answer. Petitioners appeal asserting that the court erred in ordering discovery and inspection of documents and data for tax years other than those under review; that it was error to order discovery of documents and data not in possession or control of petitioners, and that the intervenor waived its right to discovery and inspection for the 1978-1979 tax year.

We first note that since this was a special proceeding (see Real Property Tax Law, § 702) disclosure should have been sought pursuant to CPLR 408. Inasmuch as no objection was raised to using CPLR article 31 and the court considered the necessity of the material sought, we can overlook the procedural defect.

The object of judicial review of tax assessments under

article 7 of the Real Property Tax Law is to ascertain the true value of the property so as to determine whether the assessment fairly establishes petitioner's proportionate share of the total tax burden *(Matter of Halpern v Rollo,* 54 AD2d 733). Also, it is settled that in assessing the value of income producing property the capitalization of net income is, in most instances, the best index of true value *(Matter of Elmhurst Towers v Tax Comm. of City of N.Y.,* 34 AD2d 570; *People ex rel. Gale v Tax Comm. of City of N.Y.,* 17 AD2d 225). The capitalization rate method is being used here and the intervenor contends that the requested information and materials will assist in providing a more accurate basis for determining value under the capitalization of income approach. We agree. Contrary to petitioners' contention, *People ex rel. Hilton v Fahrenkopf* (279 NY 49) does not preclude consideration of items and data from tax years not under review. To the contrary, it merely stands for the rule that the value of property for taxation as adjudicated in one year may be evidence of its assessable value for a succeeding year *(Matter of Woolworth Co. v Tax Comm. of City of N.Y.,* 20 NY2d 561, 567). When the capitalization of income method is being used, any extraordinary expenses, windfalls or economic recession in the particular year or years under review might distort the result. Also, it is permissible to show that the net income from one year is an unreliable indication of true value. Since the precise proof to be offered by the petitioners at trial is unknown, it seems more than likely that adequate preparations for defense require that the information sought be considered material and necessary and, therefore, it should be made available (see *Mid-Town Tennis Club* of *Rochester v Wagner,* 57 AD2d 1066, 1067). The words "material and necessary" are, in our view, to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist in the preparation for trial by sharpening the issues and reducing the delay and prolixity. The test is one of usefulness and reason *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406; see, also, *Maloney v Buffalo Sav. Bank,* 41 AD2d 591; *City of Binghamton v Arlington Hotel,* 30 AD2d 585). Petitioners contend that they do not have the requested

information and items within their possession, custody or control and that they are, consequently, relieved of any obligation to produce these materials. However, since Special Term has found the requested information material and necessary, the petitioners are obligated to furnish the name and address of the party having the material sought or submit a statement that the name and address are unknown to them (see *Major Chevrolet v Charles Pisacano, Inc.*, 58 Misc 2d 374; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3120:13, p 525).

Petitioners further seemingly contend that the intervenor's delay in serving its notice for discovery and inspection relative to the tax year 1978-1979 constitutes a waiver of its right to discovery and inspection. The contention is apparently bottomed on subdivision (c) of section 861.10 of the rules of the Supreme Court, Appellate Division, Third Department (22 NYCRR 861.10 [c]), which is concerned with striking a case from the calendar. Petitioners argue that the intervenor waived its right to pursue disclosure proceedings because it failed to move within the permissible time limit to strike the case (see *Edwards Corp. v Romas*, 36 AD2d 789). However, despite petitioners' assertion to the contrary, this record fails to disclose any note of issue or statement of readiness, both essential ingredients to a finding of waiver.

Finally, the petitioners contend that the intervenor will be precluded from use of its appraisal report at trial because it has not been filed within the time required (22 NYCRR 839.2 [d]). While the time limit may have expired, the intervenor may, even though in default, move for an extension of time (22 NYCRR 839.2 [e]) and such extension might well be granted if the intervenor can demonstrate that the delay was occasioned by refusal of the petitioners to make available material and necessary information or other items it needed for its appraisal.

The orders should be affirmed.

MAHONEY, P. J., SWEENEY, MIKOLL and HERLIHY, JJ., concur.

Orders affirmed, with costs.