■ In the Matter of GENERAL ELECTRIC COMPANY, Respondent, v JOHN J. MACEJKA, as Assessor of the Town of Rotterdam, et al., Appellants. (And Another Related Proceeding.)— Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered April 29, 1985 in Schenectady County, which, in two proceedings pursuant to Real Property Tax Law article 7, *inter alia,* denied respondents' motion for disclosure.

The instant appeal arises out of two proceedings brought by petitioner pursuant to Real Property Tax Law article 7 to challenge the assessments on its real properties in the City of Schenectady and the Town of Rotterdam, Schenectady County, for the tax years 1983 and 1984. Respondents moved for an order pursuant to CPLR 408 permitting disclosure in the form of interrogatories, notice to produce documents and depositions upon oral examination. Petitioner opposed the disclosure of two classes of information as not material and relevant to the valuation proceeding. The items demanded consisted of studies prepared at petitioner's behest in connection with (1) past, current or future development, utilization, alteration and demolition of its realty and improvements, new construction and the like, whether such plans were implemented, ultimately rejected or still under consideration, and (2) unit quantities of production and unit cost of production analyses for each and every product currently produced at the plant

and other locations operated by petitioner. Special Term denied respondents' motion for disclosure, holding that respondents had failed to meet the threshold showing of necessity for disclosure of the material requested.

Disclosure in a special proceeding, such as the instant one brought pursuant to Real Property Tax Law article 7, is governed by CPLR 408. This court stated in *Matter of Food Fair v Board of Assessment Review* (78 AD2d 335, 337) that for a court to direct disclosure, the information sought must be found to be material and necessary to the defense. "The words, 'material and necessary', are * * * to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406).

The trial court has broad discretion in the control of the disclosure process. Deference should be accorded by the appellate court to the trial court's exercise of discretion and this is especially indicated in a special proceeding such as the one before us where the Legislature has specifically given the court greater control of disclosure than in actions *(see,* CPLR 408). We thus concur with Special Term's decision and conclude that it should not be disturbed. The material sought is at best marginally relevant to valuation. It appears to be more relevant to the question of petitioner's business plans than to the value of real estate. The valuation of property is determined by its state as of the taxable date, and may not be assessed on the basis of some future contemplated use *(Matter of Adirondack Mountain Reserve v Board of Assessors,* 99 AD2d 600, *affd* 64 NY2d 727).

The information as to quantities of production and unit cost production analysis for every product produced at the plant in combination with such information from other locations could provide some insight into the value of petitioner's property. However, Special Term's rejection of this contention, based on its finding that these elements of costs are readily obtainable through other sources of information and that their disclosure might adversely affect petitioner's interest, support its exercise of discretion and should not be disturbed.

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.