OPINION OF THE COURT
William H. Keniry, J.
This is a combined CPLR article 78 proceeding and declaratory judgment action arising out of an administrative enforcement proceeding initiated by respondent Adirondack Park Agency (APA) against petitioners.
The merits of petitioners’ claims are not yet before the court. The parties are skirmishing over a preliminary procedural issue. The proceeding was initiated by the service by petitioners of a "notice of petition and request for declaratory judgment” and "verified petition and request for declaratory judgment” supported by an attorney’s affidavit. Issue has not been joined nor has a motion to dismiss been made. The return date of the proceeding has been adjourned by consent.
The dispute is a simple one concerning the setting of a schedule for the filing of briefs but one which has never before confronted the court in a formal manner. Respondents’ attorney, the Attorney-General, insists that proper procedure requires that petitioners serve a brief setting forth relevant supporting law prior to respondents interposing an answer and/or moving to dismiss. The Attorney-General contends that petitioners’ proceeding raises issues of first impression mandating that petitioners articulate their legal arguments before a response, either by way of answer or motion, is interposed. Respondents argue that such procedure is consistent with established practice and court rules pertaining to motions. Having failed to convince petitioners to serve a brief, respondents move for an order establishing a schedule for the service of pleadings and briefs.
Petitioners cross-move for an order compelling respondents to serve an answer and a certified record of the administrative proceedings or otherwise move with respect to the petition and compelling respondent Glennon, members of the APA enforcement committee and two APA employees, Edward Talbot and Richard Terry, to appear for depositions. Petitioners’ attorney argues that there is no support "in law or logic” for an order compelling petitioners to serve a brief prior to issue being joined or a motion to dismiss being made and that *549 imposing such a requirement would "allow the government to probe Petitioners’ legal theories, while avoiding the necessity of admitting or denying the cogently pied, potentially damaging facts set forth”.
The provisions of CPLR article 78 and CPLR article 4 do not impose a mandate that a brief be filed by any party. The Uniform Civil Rules for Supreme Court and County Court (22 NYCRR) part 202 apply to all civil actions and proceedings brought in such courts (§ 202.1 [a]) unless waived "[f]or good cause shown, and in the interests of justice” (§ 202.1 [b]).
Section 202.9 entitled "Special proceedings” states as follows: "Special proceedings shall be commenced and heard in the same manner as motions that have not yet been assigned to a judge as set forth in section 202.8 of this Part, except that they shall be governed by the time requirements of the CPLR relating to special proceedings.”
Section 202.8 entitled "Motion procedure” provides, in relevant part, as follows: "(c) The moving party shall serve copies of all affidavits and briefs upon all other parties at the time of service of the notice of motion. The answering party shall serve copies of all affidavits and briefs as required by CPLR 2214. Affidavits shall be for a statement of the relevant facts, and briefs shall be for a statement of the relevant law.”
The court interprets this provision of the Uniform Rules to mean that briefs of the moving party must be served at the time of service of a notice of motion if the moving party elects to serve briefs. The court does not interpret the provision to mean that briefs are mandated. The provision is one which mandates service. The court can envisage situations in which notices of motion may be served without affidavits. In such event affidavits do not become required solely by reason of the rule. The court does not wish to come to a conclusion here which would tempt attorneys for moving parties, in the position of petitioners’ counsel here, to serve a short but unenlightening memorandum of law simply to satisfy a rule.
The court notes that submission of briefs, concisely written, is encouraged, particularly in connection with novel issues.
Respondents’ motion is denied, without costs. The court, however, establishes the following schedule:
April 16, 1993 — respondents’ answer and/or motion to dismiss, due.
May 3, 1993 — petitioners’ and respondents’ briefs, if any, due.
*550 May 14, 1993 — petitioners’ and respondents’ reply briefs, if any, due.
Petitioners’ cross motion to compel discovery is denied without costs. CPLR article 78 contains no express provision relating to discovery. CPLR 408 provides that in a special proceeding "[ljeave of court shall be required for disclosure except for a notice under section 3123”. Petitioners have failed to meet the threshold showing of necessity (see, Matter of General Elec. Co. v Macejka, 117 AD2d 896).