■ In the Matter of VICTOR ASSOCIATES, INC., Respondent, v BOARD OF ASSESSMENT REVIEW FOR TOWN OF VICTOR et al., Appellants. [747 NYS2d 866] —Appeal from an order of Supreme Court, Ontario County (Sirkin, J.), entered September 19, 2001, which denied respondents' motion to dismiss the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied respondents' motion to dismiss the petition challenging the assessment of certain real property in respondent Town of Victor for the 1997-1998 tax year. In seeking dismissal, respondents contended that the filing of the note of issue was a nullity because the certificate of readiness inaccurately stated that all discovery had been completed, and thus the petition should be dismissed pursuant to RPTL 718 (2) (d) for failure to file a note of issue within four years of the commencement of the proceeding. Contrary to respondents' contention, the statement that all discovery had been completed was accurate despite petitioner's failure to comply with respondents' request for an audit of petitioner's books and records pursuant to 22 NYCRR 202.59 (c). "If requested, [an] audit must be completed within 120 days after the request has been made unless the court, upon good cause shown, extends the time for the audit" (*id.*). Here, respondents failed to seek an extension of the 120-day period. An audit requested pursuant to 22 NYCRR 202.59 (c) is a "privilege," and respondents' failure to complete the audit within

the mandated period is "deemed a waiver of such privilege" (*id.*; *see Matter of Ames Dept. Stores v Assessor of Town of Greenport*, 276 AD2d 890, 891). Contrary to the further contention of respondents, the 120-day period in which to complete the audit commenced upon their request for the audit, not upon their receipt of the requested books and records from petitioner. Thus, the filing of the note of issue was not a nullity and the petition is not subject to dismissal pursuant to RPTL 718 (2) (d) (*cf. Macancela v Pekurar*, 286 AD2d 320, 321; *Garofalo v Mercy Hosp.*, 271 AD2d 642). Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.