■ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Respondent, v CITY OF SARATOGA SPRINGS ASSESSOR et al., Appellants. (And Seven Other Related Proceedings.) [767 NYS2d 683]—

Mercure, J.P. Appeal from an order of the Supreme Court (Ferradino, J.), entered January 31, 2003 in Saratoga County, which, inter alia, granted petitioner's motion, in eight proceedings pursuant to RPTL article 7, to compel discovery.

In these proceedings, petitioner seeks review of tax assessments made by respondent City of Saratoga Springs Board of Assessment Review (hereinafter the Board) for the years 1992 through 1999. After timely filing notes of issue and certificates of readiness for trial, petitioner moved to compel the deposition of respondent City of Saratoga Springs Assessor and for the production of documents to determine whether two substations that no longer existed were included on the assessment rolls for the years 1998 and 1999. Respondent Saratoga Springs Enlarged School District, the Assessor, the Board and respondent City of Saratoga Springs cross-moved to strike the notes of issue in all the proceedings. All respondents except the District also cross-moved for a protective order and to dismiss the petitions for the years 1992 through 1998 pursuant to RPTL 718. Supreme Court granted petitioner's motion to compel and denied the cross motions. Respondents now appeal, arguing that Supreme Court did not have discretion to grant petitioner's motion after notes of issue had been filed.

We agree with petitioner that it is not barred from seeking

such disclosure merely because notes of issue have been filed. In granting the motion for further discovery, Supreme Court deemed the discovery necessary to limit the issues before the court and to help the parties prepare their appraisal reports, which are exchanged *after* notes of issue are filed (*see* 22 NYCRR 202.59 [e] [1] [i]). Inasmuch as 22 NYCRR 202.59 (e) (1) permits the trial court, at the pretrial conference that takes place after the filing of a note of issue, to "take whatever action is warranted to expedite final disposition of the proceedings," we cannot say that a grant of limited discovery at this stage of the proceedings constitutes, in itself, an abuse of discretion (*cf. Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland*, 302 AD2d 826, 828-829 [2003], *lv denied* 100 NY2d 504 [2003] [holding that dismissal is warranted under 22 NYCRR 202.59 (d) (1) where a statement of income is not filed before notes of issue are due]).

Moreover, we agree with Supreme Court that the requested discovery was material and necessary both in the preparation of appraisal reports and in limiting the issues to be presented at trial. Petitioner sought to depose the Assessor and a consultant, as well as production of documents relating to the determination of the real property comprising the challenged assessments. This discovery bears on a crucial fact in any tax certiorari proceeding—the identification of the real property included on the assessment rolls (*see e.g. Matter of Southampton Taxpayers Against Reassessment v Assessor of Vil. of Southampton*, 176 AD2d 795, 797 [1991]). Further, while petitioner is not entitled to disclosure of the thought processes underlying the appraiser's valuation of any particular parcel, the requests at issue relate only to the underlying facts forming the basis for the assessment and, thus, are permissible (*see Matter of Town of Mamakating v New York State Bd. of Real Prop. Servs.*, 246 AD2d 844, 845-846 [1998]). Given that discovery in a RPTL article 7 proceeding is governed by CPLR 408, pursuant to which trial courts have broad discretion in directing the disclosure of material and necessary information (*see Matter of General Elec. Co. v Macejka*, 117 AD2d 896, 897 [1986]; *see also Matter of Town of Mamakating v New York State Bd. of Real Prop. Servs., supra* at 845), we perceive no error in Supreme Court's determination to grant petitioner's motion.

We reject respondents' argument that striking of the notes of issue and dismissal of these proceedings are mandated by RPTL 718 due to a material misstatement of fact—i.e., petitioner's declaration of readiness for trial made despite the necessity of further discovery. Although 22 NYCRR 202.59 (d) (1) states that

"[a] note of issue and certificate of readiness shall not be filed unless all disclosure proceedings have been completed," petitioner did not make its request until after notes of issue had been filed and, technically, no discovery remained outstanding at the time of filing. Further, it is uncontroverted that petitioner's notes of issue were filed within four years of the commencement of the proceedings and that petitioner properly filed and served its income and expense statements. Accordingly, we conclude that petitioner complied with the requirements of RPTL 718 and 22 NYCRR 202.59 and Supreme Court properly denied respondents' cross motions to dismiss (*see Matter of Victor Assoc. v Board of Assessment Review for Town of Victor*, 298 AD2d 863, 863-864 [2002]; *Matter of Long Is. Light. Co. v Assessor of Town of Brookhaven*, 122 AD2d 794, 795 [1986]; *cf. Matter of Sullivan LaFarge v Town of Mamakating*, 94 NY2d 802, 803-804 [1999]; *Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland, supra* at 828-829).

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.