■ In the Matter of Saratoga Property Developments, LLC, Appellant, v Assessor of the City of Saratoga Springs et al., Respondents. [879 NYS2d 234]—

Kane, J. Appeal from an order of the Supreme Court (Williams, J.), entered May 14, 2008 in Saratoga County, which, in a proceeding pursuant to RPTL article 7, among other things, granted certain respondents' motion to compel petitioner to comply with a notice to produce.

Petitioner commenced this RPTL article 7 proceeding following an unsuccessful challenge to the 2007 tax assessment of a newly constructed single-family residence it owns in the City of Saratoga Springs, Saratoga County. Respondents Assessor, Commissioner of Accounts, Board of Assessment Review and City of Saratoga Springs (hereinafter collectively referred to as respondents) answered, asserting an affirmative defense that the petition was jurisdictionally defective inasmuch as the 2007 "Complaint on Real Property Assessment"—which was attached to the petition and formed the basis for the commencement of this proceeding—allegedly contained misleading and significantly inaccurate information regarding the cost of the home's construction. Specifically, respondents allege that the construction cost exceeded the amount indicated by petitioner by at least 100% and possibly "as much as 800% or more." Thereafter, respondents served petitioner with a notice to produce requesting, among other material, "[a]ll documents that show the costs of designing, developing and constructing . . . the residential property." Petitioner deemed that request, as well as most of respondents' other requests, to be improper and immaterial. Respondents then moved pursuant to CPLR 408 to compel petitioner to comply with its notice to produce and petitioner cross-moved for a protective order. Supreme Court granted respondents' motion to compel, prompting this appeal by petitioner.

Initially, we find that the affirmation submitted by respondents' counsel complies with the good faith requirement set forth in 22 NYCRR 202.7 (a) (2). With regard to the merits of the motion to compel, Supreme Court did not abuse its discretion in granting respondents' requested discovery. Information sought to be disclosed should "be considered material and necessary" and "[t]he words 'material and necessary' are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist in the prepa-

ration for trial by sharpening the issues and reducing the delay and prolixity. The test is one of usefulness and reason" (*Matter of Food Fair v Board of Assessment Review of Town of Niskayuna,* 78 AD2d 335, 337 [1981] [citations omitted]; *see Andon v 302-304 Mott St. Assoc.,* 94 NY2d 740, 746 [2000]). Regardless of the ultimate appraisal method used by the parties' experts, under the particular circumstances of this case, we find that the information sought is material and necessary to assist in resolving the present controversy, particularly given the affirmative defense raised by respondents.

Cardona, P.J., Peters, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.