■ In the Matter of WENDY's RESTAURANTS, LLC, et al., Appellants, v ASSESSOR, TOWN OF HENRIETTA, et al., Respondents. [903 NYS2d 849]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered August 27, 2009 in proceedings pursuant to RPTL article 7. The order granted the motion of respondents to compel discovery.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners commenced the underlying proceedings seeking to reduce the tax assessments for the years 2006-2007, 2007-2008 and 2008-2009 on owner-occupied properties on which they operate fast-food businesses. They contend that Supreme Court erred in granting respondents' motion to compel discovery of, inter alia, profit and loss statements, balance sheets, asset depreciation schedules and gross and net sales revenues for the years 2005 through 2008 inasmuch as the income of the businesses is irrelevant to the valuation of the properties. We reject that contention.

Discovery in RPTL article 7 proceedings "is governed by CPLR 408, pursuant to which trial courts have broad discretion in directing the disclosure of material and necessary information" (*Matter of Niagara Mohawk Power Corp. v City of Saratoga Springs Assessor*, 2 AD3d 953, 954 [2003]; *see Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs.*, 253 AD2d 8, 15-16 [1999]; *Matter of Xerox Corp. v Duminuco* [appeal No. 1], 216 AD2d 950 [1995]). When leave of court for requested discovery is given pursuant to CPLR 408, such "discovery takes place pursuant to CPLR 3101 (a), which provides generally that [t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action [or proceeding]. The Court of Appeals has ruled that [the phrase] material and necessary should be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (*Town of Pleasant Val.*, 253 AD2d at 15-16 [internal quotation marks omitted]; *see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406-407 [1968]).

Contrary to petitioners' contention, owners of owner-occupied business property are not exempt from the requirements of 22 NYCRR 202.59 (b) (*see Matter of Syms Corp. v Assessor of Town of Clarence*, 5 AD3d 984 [2004]; *cf. Matter of Atlantic Ref. & Mktg. Corp. v Assessor of City of Ithaca*, 246 AD2d 875 [1998]). We conclude that respondents established that the information sought in their motion will assist them in their preparation for trial (*see Matter of Norton Co. v Assessor of City of Watervliet*, 3 AD3d 760, 761-762 [2004]; *Matter of Farone & Son v Srogi*, 96 AD2d 711 [1983], *lv denied* 60 NY2d 556 [1983]). Present— Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.