■ In the Matter of GREENS AT WASHINGTONVILLE, LTD., Appellant, v TOWN OF BLOOMING GROVE et al., Respondents. [951 NYS2d 201]—

In a tax certiorari proceeding pursuant to RPTL article 7 to review a real property tax assessment for the year 2010, the petitioner appeals from an order of the Supreme Court, Orange County (Bartlett, J.), dated February 4, 2011, which granted the motion of the Town of Blooming Grove, its Assessor, and Board of Assessment Review to compel discovery pursuant to CPLR 408 and for an award of motion costs.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the Town of Blooming Grove, its Assessor, and Board of Assessment Review which was for an award of motion costs, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

Prior to the filing of a note of issue in this tax certiorari proceeding pursuant to RPTL article 7, the Town of Blooming Grove, its Assessor, and Board of Assessment Review (hereinafter collectively the respondents) served a discovery demand upon the petitioner (*see* 22 NYCRR 202.59). In response, the petitioner declined to comply with the discovery demand, as-

serting that pre-note of issue discovery required a court order. Thereafter, the respondents moved to compel discovery pursuant to CPLR 408 and for an award of motion costs. In the order appealed from, the Supreme Court granted the respondents' motion. The petitioner appeals, and we modify.

Discovery in a tax certiorari proceeding pursuant to RPTL article 7 is governed by CPLR 408, which grants trial courts broad discretion in directing the disclosure of material and necessary information (*see Matter of Wendy's Rests., LLC v Assessor, Town of Henrietta*, 74 AD3d 1916, 1917 [2010]; *Matter of Niagara Mohawk Power Corp. v City of Saratoga Springs Assessor*, 2 AD3d 953, 954 [2003]; *Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs.*, 253 AD2d 8, 15-16 [1999]; *Matter of American Cyanamid Co. [Lederle Labs] v Board of Assessors*, 255 AD2d 440 [1998]; *Matter of General Elec. Co. v Macejka*, 117 AD2d 896, 897 [1986]; *see also Matter of City of Glen Cove Indus. Dev. Agency v Doxey*, 79 AD3d 1038 [2010]). Here, the Supreme Court providently exercised its discretion in granting that branch of the respondents' motion which was to compel discovery pursuant to CPLR 408 (*see Matter of Lonray, Inc. v Newhouse*, 229 AD2d 440, 440-441 [1996]). The record reveals that the respondents' disclosure request sought information which was material and necessary to the litigation (*see* CPLR 3101 [a]; *cf. Matter of Xerox Corp. v Duminuco*, 216 AD2d 950 [1995]). Contrary to the petitioner's contention, the respondents' motion did not violate 22 NYCRR 202.7 (*see Matter of Saratoga Prop. Devs., LLC v Assessor of City of Saratoga Springs*, 62 AD3d 1107, 1108 [2009]).

However, under the circumstances of this case, the Supreme Court improvidently exercised its discretion in granting that branch of the respondents' motion which was for an award of motion costs (*see* CPLR 8202).

The parties' remaining contentions are without merit. Angiolillo, J.P., Dickerson, Leventhal and Miller, JJ., concur.

Motion by the respondents on an appeal from an order of the Supreme Court, Orange County, dated February 4, 2011, inter alia, in effect, to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated December 14, 2011, that branch of the motion which was, in effect, to dismiss the appeal as academic, was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, upon the papers filed in opposition thereto, and upon the submission of the appeal, it is,

Ordered that the branch of the motion which was, in effect, to dismiss the appeal as academic is denied. Angiolillo, J.P., Dickerson, Leventhal and Miller, JJ., concur.