# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1353**

**CA 12-00328**

PRESENT: CENTRA, J.P., FAHEY, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE APPLICATION UNDER
ARTICLE 7 OF THE REAL PROPERTY TAX LAW BY
DIANA SACHS AYLWARD, JOHN C. CARBONARA,
GRETCHEN CIRCONE, ROBERT FREEDMAN, MONTE K.
HOFFMAN, PETER HOGAN, NANCY KARP, JOEL
LEVIN, NORA SANTIAGO, THOMAS J. SCIME,
JONATHAN D. WEIR AND PETER ALLEN WEINMANN,
PETITIONERS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

CITY OF BUFFALO AND ITS ASSESSOR AND BOARD
OF ASSESSMENT REVIEW, RESPONDENTS-RESPONDENTS.

---

WOLFGANG & WEINMANN, LLP, BUFFALO (JORGE S. DE ROSAS OF COUNSEL), FOR
PETITIONERS-APPELLANTS.

BENNETT, DIFILIPPO & KURTZHALTS, LLP, EAST AURORA (JOEL R. KURTZHALTS
OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered November 18, 2011 in a proceeding pursuant to RPTL article 7. The order denied petitioners' motion to preclude an interior inspection of their homes.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Petitioners commenced these proceedings seeking review of their residential real property tax assessments pursuant to RPTL article 7. They appeal from four orders denying their motions to preclude respondents from conducting interior inspections of their homes in order to prepare a defense to the petitions. Petitioners contend that Supreme Court erred in requiring them to move to preclude those inspections rather than requiring respondents to move to allow the inspections. We agree.

Discovery in RPTL article 7 proceedings is governed by CPLR 408, which requires a court's leave to obtain formal disclosure beyond a notice to admit (*see Matter of Wendy's Rests., LLC v Assessor, Town of Henrietta*, 74 AD3d 1916, 1917). Here, the court failed to comply with CPLR 408 in ordering petitioners either to move to preclude the demanded inspections or to have any objection thereto deemed waived. The court's error significantly altered the proof required on this

issue and thereby enabled respondents to access the interior of petitioners' homes without having to show its need for such access. Indeed, respondents opposed the motions to preclude by submitting only an affidavit in which their attorney asserted that petitioners had presumptively consented to the interior inspections by having challenged their tax assessments and that the publicly available information about the properties was insufficient to prepare an effective defense to the petitions.  The attorney, however, did not acknowledge that the interior details of the subject homes could have just as easily been obtained by way of a notice to admit (*see* CPLR 408; CPLR 3123), a procedure that would not have required the leave of a court.

In sum, by proceeding in contravention of CPLR 408, the court improperly relieved respondents of their burden to make the required showing, such as by way of an appraiser's affidavit, that interior inspections were necessary to prepare their defense (*see generally Matter of Wendy's Rests.*, 74 AD3d at 1917).  Moreover, by erroneously requiring petitioners to move to preclude, the court did not properly evaluate the reasonableness of the inspections sought by respondents, i.e., the court did not conduct the necessary Fourth Amendment analysis balancing respondents' need for interior inspections against the invasion of petitioners' privacy interests that such inspections would entail (*see Matter of Yee v Town of Orangetown*, 76 AD3d 104, 111-113, citing *Schlesinger v Town of Ramapo*, 11 Misc 3d 697, 699-700; *see generally Camara v Municipal Court of City & County of San Francisco*, 387 US 523).  Under these circumstances, we reverse the orders and remit the matters to Supreme Court for further proceedings not inconsistent with our decision herein.

Entered:  December 28, 2012                    Frances E. Cafarell
                                                Clerk of the Court