Discovery in RPTL article 7 proceedings is governed by CPLR 408, which requires a court’s leave to obtain formal disclosure beyond a notice to admit (see Matter of Wendy’s Rests., LLC v Assessor, Town of Henrietta, 74 AD3d 1916, 1917 [2010]). Here, the court failed to comply with CPLR 408 in ordering petitioners either to move to preclude the demanded inspections or to have any objection thereto deemed waived. The court’s error significantly altered the proof required on this issue and thereby enabled respondents to access the interior of petitioners’ homes *1744 without having to show its need for such access. Indeed, respondents opposed the motions to preclude by submitting only an affidavit in which their attorney asserted that petitioners had presumptively consented to the interior inspections by having challenged their tax assessments and that the publicly available information about the properties was insufficient to prepare an effective defense to the petitions. The attorney, however, did not acknowledge that the interior details of the subject homes could have just as easily been obtained by way of a notice to admit (see CPLR 408; CPLR 3123), a procedure that would not have required the leave of a court.
In sum, by proceeding in contravention of CPLR 408, the court improperly relieved respondents of their burden to make the required showing, such as by way of an appraiser’s affidavit, that interior inspections were necessary to prepare their defense (see generally Matter of Wendy’s Rests., 74 AD3d at 1917). Moreover, by erroneously requiring petitioners to move to preclude, the court did not properly evaluate the reasonableness of the inspections sought by respondents, i.e., the court did not conduct the necessary Fourth Amendment analysis balancing respondents’ need for interior inspections against the invasion of petitioners’ privacy interests that such inspections would entail (see Matter of Yee v Town of Orangetown, 76 AD3d 104, 111-113 [2010], citing Schlesinger v Town of Ramapo, 11 Misc 3d 697, 699-700 [2006]; see generally Camara v Municipal Court of City & County of San Francisco, 387 US 523 [1967]). Under these circumstances, we reverse the orders and remit the matters to Supreme Court for further proceedings not inconsistent with our decision herein. Present — Centra, J.P., Fahey, Valentino and Martoche, JJ.