Lahtinen, J.
Appeal from an order of the Supreme Court (Mulvey, J.), entered October 27, 2011 in Tompkins County, which dismissed petitioner’s applications, in two proceedings pursuant to RPTL article 7, to reduce the 2008 and 2009 tax assessments on certain real property leased by petitioner.
Petitioner operates a Lowe’s Home Center on 14.85 acres that it leases in the City of Ithaca, Tompkins County. The property includes a 134,574 square-foot building constructed in 2004, as well as an attached 27,200 square-foot garden center. Petitioner challenged in two proceedings respondent’s $7,444,000 valuation of the property for the tax years 2008 and 2009. Petitioner’s appraiser (James Szakacs) used comparable sales, income capitalization and reproduction cost methods to value the property at $6,500,000 for both years. Respondent’s appraisers (Da *1307 vid Schwaner and Jeffrey James) arrived at values of $11,430,000 for 2008 and $11,420,000 for 2009 using income capitalization and reproduction cost methods.
Following a nonjury trial, Supreme Court initially determined that petitioner had submitted sufficient proof to rebut the presumed validity of the tax assessor’s valuation. It then found that petitioner’s comparable sales analysis was not reliable under the circumstances, and it determined that the credible evidence supported respondent’s income capitalization analysis rather than petitioner’s analysis. The court, among other things, concluded that petitioner had thus failed to establish by a preponderance of the evidence that its property had been overvalued. The petitions were dismissed and this appeal ensued.
Petitioner contends that Supreme Court erred in rejecting its comparable sales analysis. A recent arm’s length sale of the subject property is the best evidence of value; however, absent that, the traditional valuation methods are comparable sales, income capitalization and reproduction costs (see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 189 [1998]; Matter of Saratoga Harness Racing v Williams, 91 NY2d 639, 643 [1998]). “Evidence of comparable sales is generally the preferred measure of a property’s value for assessment, but where there is insufficient relevant data, value may be determined by other methods” (Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 356 [1992] [citation omitted]; see Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau, 45 NY2d 538, 542 [1978]). Where, as here, conflicting expert evidence is presented, we defer to the trial court’s resolution of credibility issues, and consider “whether the court’s determination of the fair market value of the subject property is supported by or against the weight of the evidence” (Matter of Northern Pines MHP, LLC v Board of Assessment Review of the Town of Milton, 72 AD3d 1314, 1316 [2010] [internal quotation marks and citations omitted]; see Matter of Rite Aid of N.Y. No. 4928 v Assessor of Town of Colonie, 58 AD3d 963, 966 [2009], lv denied 12 NY3d 709 [2009]).
There was no evidence of a recent sale of the subject property. Szakacs, in his comparable sales analysis, included six sales that he used, with adjustments, to determine value. However, cross-examination, as well as proof presented by respondent, revealed significant potential problems that Szakacs had not identified or adjusted for in each of the comparable sales that he used. For example, there was evidence that one sale was essentially a land sale because the intent of the purchaser was to demolish the *1308 inferior building located on the property. Problems with Szakacs’ other sales included allegedly significantly inaccurate measurements regarding the size of buildings, not properly classifying property that was inferior or in a poor location, and failing to factor for substantial reconfiguration work that was needed on a purchased building. Although Szakacs disputed many of these purported shortcomings, this created credibility questions for Supreme Court. That court resolved the key credibility questions on the issue of comparable sales in favor of respondent and determined that the proof failed to establish that the comparable sales method was a reliable indicator of the property’s value. Deferring to those credibility determinations, the record supports Supreme Court’s determination.
Petitioner also argues that Supreme Court erred in not crediting its income capitalization analysis. Both appraisers looked to leases that they believed were comparable to determine market rents which, with relevant adjustments, were capitalized to determine the property’s current value. Each side effectively indicated weaknesses in the other party’s comparable leases. For example, petitioner included leases that were more than 10 years old, which Schwaner criticized as not reflecting recent higher construction costs. Petitioner pointed out that two of the leases used by respondent were for considerably smaller space, but Schwaner claimed that he had made an adequate adjustment to reflect such fact. While petitioner also contended that one of the leases used by respondent was not a proper reflection of the market because it was allegedly a build-to-suit lease, Supreme Court found petitioner’s proof in such regard unpersuasive. The court further accepted the vacancy and capitalization rates used by respondent. Conflicting evidence was presented on key aspects of the income capitalization method, and Supreme Court credited respondent’s proof. We decline to disturb Supreme Court’s credibility determinations and, in light of those determinations, its decision is amply supported by the weight of the evidence (see Matter of Rite Aid of N.Y. No. 4928 v Assessor of Town of Colonie, 58 AD3d at 966; Matter of Eckerd Corp. v Semon, 35 AD3d 931, 934-935 [2006]).
Although Schwaner acknowledged viewing petitioner’s property and store without prior notice and when no representative of petitioner was accompanying him, he testified that he limited himself on such occasion to only those portions of the property that were open to the public. Petitioner’s contention that this walk-through inspection violated its 4th Amendment rights and, therefore, that no weight should have been given to respondent’s appraisal is without merit. The 4th Amendment is *1309 not implicated by entry onto the public portion of a commercial establishment that is held open by the owner to the general public and entered during normal business hours (see e.g. Katz v United States, 389 US 347, 351 [1967]; People v Saglimbeni, 95 AD2d 141, 143 [1983], appeal dismissed 62 NY2d 798 [1984]; Matter of Salob v Ambach, 73 AD2d 756, 757 [1979], lv denied 49 NY2d 703 [1980], appeal dismissed 49 NY2d 800 [1980], cert denied 449 US 829 [1980]). Petitioner’s reliance on Schlesinger v Town of Ramapo (11 Misc 3d 697 [2006]) is misplaced. That case involved an effort to inspect the interior of a residential property where the homeowner had not granted permission for entry (see generally Matter of Aylward v City of Buffalo, 101 AD3d 1743 [2012] [discussing proper procedure when there is an issue regarding interior inspection of residential real property where the homeowner is challenging a tax assessment]).
The fact that Supreme Court did not discuss the reproduction cost method in its conclusions of law is not indicative of a failure to weigh the entire record. Courts have expressed concern about the potential problems with such method (see Matter of Saratoga Harness Racing v Williams, 91 NY2d at 643), its use is generally limited to specialty property (see Matter of Allied Corp. v Town of Camillus, 80 NY2d at 357), and “it should be ‘utilized only in those limited instances in which no other method of valuation will yield a legally and economically realistic value for the property’ ” (Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes, 92 NY2d 192, 197 [1998], quoting Matter of Great Atl. & Pac. Tea Co. v Kiernan, 42 NY2d 236, 242 [1977]). The court mentioned in its decision the parties’ positions regarding the reproduction cost method, the appraisers acknowledged giving the least credence to such method, there was no determination that this was specialty property, and the court essentially resolved the proceedings under the income capitalization method. There was thus no need for the court to separately analyze the reproduction cost method.
The remaining arguments have been considered and found unpersuasive.
Rose, J.E, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.