# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1084

CA 14-00624

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF DIANA SACHS AYLWARD, JOHN C.
CARBONARA, GRETCHEN CERCONE, ROBERT FREEDMAN,
MONTE K. HOFFMAN, PETER HOGAN, NANCY KARP, JOEL
LEVIN, NORA SANTIAGO, THOMAS J. SCIME, JONATHAN D.
WEIR AND PETER ALLEN WEINMANN,
PETITIONERS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

ASSESSOR, CITY OF BUFFALO, BOARD OF ASSESSMENT
REVIEW FOR CITY OF BUFFALO, COUNTY OF ERIE AND
STATE OF NEW YORK, RESPONDENTS-RESPONDENTS.

---

WOLFGANG & WEINMANN, LLP, BUFFALO (JORGE S. de ROSAS OF COUNSEL), FOR
PETITIONERS-APPELLANTS.

BENNETT, DIFILIPPO & KURTZHALTS, LLP, EAST AURORA (JOEL R. KURTZHALTS
OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Timothy
J. Walker, A.J.), entered June 10, 2013 in proceedings pursuant to
RPTL article 7.  The order, among other things, granted respondents'
motion to, inter alia, inspect the interior of petitioners' homes.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by directing that the fourth and fifth
ordering paragraphs shall apply only to exterior inspections, and as
modified the order is affirmed without costs in accordance with the
following Memorandum:  Petitioners commenced these proceedings
pursuant to RPTL article 7 seeking reductions in the value of the
assessments of their respective properties.  On a prior appeal, we
reversed orders denying petitioners' motions to preclude respondents
from conducting interior inspections of their homes and remitted the
matter for further proceedings (*Matter of Aylward v City of Buffalo*,
101 AD3d 1743).  Petitioners now appeal from an order granting
respondents' motion pursuant to CPLR 408, 3120, and 3126 for, inter
alia, interior and exterior inspections of the subject properties and
document discovery.  We note at the outset that, although petitioners'
notice of appeal is from the order in its entirety, they do not raise
in their brief any contentions concerning that part of the order
granting exterior inspections.  We therefore deem any issues with
respect thereto abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d
984, 984).

We agree with petitioners that Supreme Court erred in granting respondents' discovery requests insofar as they sought interior inspections of petitioners' homes and in ordering preclusion if petitioners refused to permit interior inspections.  We therefore modify the order accordingly.  "Because discovery tends to prolong a case, and is therefore inconsistent with the summary nature of a special proceeding, discovery is granted only where it is demonstrated that there is need for such relief" (*Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs.*, 253 AD2d 8, 15).  Here, in order for "respondents to establish their entitlement to conduct . . . interior inspection[s] of the petitioner[s'] home[s] for purposes of appraisal, in the absence of the petitioner[s'] consent, . . . respondents bore the burden of demonstrating that [each] 'particular inspection [was] reasonable' " (*Matter of Jacobowitz v Board of Assessors for Town of Cornwall*, 121 AD3d 294, 301), and " 'that interior inspections were necessary to prepare their defense' " (*id.* at 304, quoting *Aylward*, 101 AD3d at 1744).  We agree with petitioners that respondents failed to make the required showing that interior inspections were reasonable and necessary to prepare their defense (*see id.; cf. Matter of Wendy's Rests., LLC v Assessor, Town of Henrietta*, 74 AD3d 1916, 1917).  Respondents submitted an affidavit from an expert appraiser who averred that there "is not an adequate substitute for [interior] inspection available to produce a Self-Contained Appraisal Report" as required for trial purposes in tax certiorari litigation.  The expert also averred, however, that an interior inspection of a property being appraised "is not always required" pursuant to the Uniform Standards of Professional Appraisal Practice.  Furthermore, neither interior inspections nor a "self-contained appraisal report" is required by statute or court rule (*see* CPLR 3140; 22 NYCRR 202.59).  Thus, we conclude that the appraiser's general averments failed to set forth "personal knowledge of the facts and circumstances indicating that access to the interior of the [homes] was necessary to accurately arrive at the fair market value thereof" (*Jacobowitz*, 121 AD3d at 304).

In addition to establishing that their request for interior inspections was reasonable and necessary to prepare their defense, respondents were also required to show that their interest in conducting them outweighed petitioners' Fourth Amendment privacy rights (*see id.* at 306-307; *Camara v Municipal Court of City & County of San Francisco*, 387 US 523, 536-537).  In determining whether respondents made such a showing, the court was required to "balanc[e] respondents' need for interior inspections [of the homes] against the invasion of petitioners' privacy interests that such inspections would entail" (*Aylward*, 101 AD3d at 1744; *see generally Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952, 954).  Upon our review of the record, we conclude that respondents failed to establish that their interest in interior inspections outweighed petitioners' Fourth Amendment privacy rights (*see Jacobowitz*, 121 AD3d at 307).

Petitioners further contend that the court abused its discretion in granting document discovery regarding capital improvements and construction costs since the time of purchase, contending that such information is too remote and irrelevant to value at the time of

assessment. Petitioners asserted a different contention during oral argument of the motion and, thus, their present contention that the request is overly broad is improperly raised for the first time on appeal (*see Ciesinski*, 202 AD2d at 985).

Finally, we reject petitioners' contention that the court abused its discretion in ordering them to provide prior surveys of the subject properties. Contrary to petitioners' contention, they failed to establish that the surveys had previously been provided, which is the sole ground raised by petitioners in opposition to respondents' request.

Entered: February 6, 2015      Frances E. Cafarell
Clerk of the Court