# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: December 8, 2016         522625
                                                    523236

_____

In the Matter of CITY OF
   TROY,

                Respondent,

     v

ASSESSOR OF THE TOWN OF
   BRUNSWICK et al.,

                Appellants.

(Proceeding No. 1.)
_____       MEMORANDUM AND ORDER

In the Matter of CITY OF
   TROY,

                Respondent,

     v

ASSESSOR OF THE TOWN OF
   BRUNSWICK et al.,

                Appellants.

(Proceeding No. 2.)
_____

Calendar Date: October 21, 2016

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

Tuczinski, Cavalier & Gilchrist, PC, Albany (Johnathan B. Tingley of counsel), for appellants.

Daniel G. Vincelette, Corporation Counsel, Troy, for respondent.

_____

McCarthy, J.P.

Appeals (1) from an order of the Supreme Court (Elliott III, J.), entered November 2, 2015 in Rensselaer County, which, in proceeding No. 1 pursuant to RPTL article 7, partially granted petitioner's motion to compel discovery, and (2) from an order of said court, entered March 22, 2016 in Rensselaer County, which, in proceeding No. 2 pursuant to RPTL article 7, denied respondents' motion to partially dismiss the petition.

These are two related tax certiorari proceedings involving the same parties and property. In July 2014, petitioner commenced proceeding No. 1 pursuant to RPTL article 7 seeking a reduction of respondents' 2014 tax assessment of a portion of the Frear Park Golf Course, owned and operated by petitioner. In December 2014, petitioner served a notice to take deposition of respondent Assessor of the Town of Brunswick, along with discovery demands for certain materials. Respondents objected to these demands in January 2015, stating that "discovery in a tax certiorari proceeding is unavailable in the absence of a [c]ourt order."

Thereafter, petitioner moved to compel discovery and deposition. In an affirmation in support of the motion, petitioner asserted that the deposition was necessary for its claim of selective reassessment. In this regard, petitioner asserted that respondents did not conduct a municipal-wide revaluation or update for the 2014 assessment roll and did not review or revise the assessed values of two other golf course properties located in the Town. Petitioner further stated that respondents had denied its informal discovery request, "despite [p]etitioner's good faith effort to resolve this issue" with respondents' counsel. Supreme Court partially granted petitioner's motion to the extent that it sought to depose the

Assessor, concluding that the information sought by the deposition was material and necessary in preparing for trial and would be limited to the underlying facts forming the basis for the assessment. Respondents appeal from this order.

In the interim, in July 2015, during the pendency of its discovery motion, petitioner commenced proceeding No. 2, also pursuant to RPTL article 7, challenging respondents' assessment of the same property in 2015, alleging, among other things, that the 2014 assessment constituted unlawful selective reassessment, which continued to be perpetuated on the 2015 assessment roll. The 2015 assessment of the property was identical to the 2014 assessment. Respondents moved to dismiss so much of the 2015 petition as asserted a claim for unlawful selective reassessment on the grounds that the claim was time-barred and precluded by the rule against claim splitting. Supreme Court denied the motion, holding that petitioner had timely asserted a selective reassessment claim in the 2014 petition. Respondents appeal from this order.

"A property owner may challenge an assessment pursuant to RPTL article 7 on several grounds, including that the assessment is excessive, unequal or unlawful" (Matter of Jacobowitz v Board of Assessors for Town of Cornwall, 121 AD3d 294, 299 [2014] [internal quotation marks and citations omitted]). Furthermore, "[i]t is well settled that a system of selective reassessment that has no rational basis in law violates the equal protection provisions of the constitutions of the United States and the State of New York" (Matter of Carroll v Assessor of City of Rye, N.Y., 123 AD3d 924, 925 [2014] [internal quotation marks and citation omitted]).

"[D]iscovery in a RPTL article 7 proceeding is governed by CPLR 408, pursuant to which trial courts have broad discretion in directing the disclosure of material and necessary information" (Matter of Niagara Mohawk Power Corp. v City of Saratoga Springs Assessor, 2 AD3d 953, 954 [2003]; see Matter of Greens at Washingtonville, Ltd. v Town of Blooming Grove, 98 AD3d 1118, 1119 [2012]). The trial court's decision to compel discovery is accorded deference on appeal and should not be disturbed absent

an abuse of discretion as a matter of law (see Matter of 425 Park Ave. Co. v Finance Adm'r of City of N.Y., 69 NY2d 645, 647 [1986]; Matter of General Elec. Co. v Macejka, 117 AD2d 896, 897 [1986]). Additionally, to obtain discovery, a party must submit an affirmation showing "a good faith effort to resolve the issues raised by the [discovery] motion" or indicating "good cause" why no communications occurred between the parties in this regard (22 NYCRR 202.7 [a] [2]; [c]; see Matter of Greenfield v Board of Assessment Review for Town of Babylon, 106 AD3d 908, 908 [2013]).

A tax certiorari proceeding must be commenced "within [30] days after the final completion and filing of the assessment roll containing such assessment" (RPTL 702 [2]; see Matter of Niskayuna Citizens Unfairly Taxed v Christensen, 134 AD2d 762, 763 [1987]). Furthermore, "a separate proceeding [must] be timely commenced to challenge each tax assessment for which relief is sought" (Matter of Scellen v Assessor for City of Glens Falls, 300 AD2d 979, 980 [2002]). Finally, "[a] party invoking the narrow doctrine against [claim] splitting . . . must show that the challenged claim raised in the second action [or proceeding] is based upon the same liability in the prior action [or proceeding], and that the claim was ascertainable when the prior action [or proceeding] was commenced" (Melcher v Greenberg Traurig LLP, 135 AD3d 547, 552 [2016]; see Craig-Oriol v Mount Sinai Hosp., 201 AD2d 449, 450 [1994], lv denied 85 NY2d 804 [1995]).

Contrary to respondents' assertion, petitioner adequately pleaded an unlawful selective reassessment claim in its 2014 petition. Review of tax assessments is "remedial in character" and, therefore, pleadings in tax certiorari proceedings "should be liberally construed to the end that the taxpayer's right to have his [or her] assessment reviewed should not be defeated by a technicality" (Matter of Great E. Mall v Condon, 36 NY2d 544, 548 [1975] [internal quotation marks and citation omitted]; cf. Matter of Frei v Town of Livingston, 50 AD3d 1381, 1382 [2008]). The 2014 petition alleges that the challenged assessment is "unequal in that it has been made at a higher proportionate valuation than the assessments of other taxable property of the same major type or, if applicable, classification, on the same

rolls by the same assessing officer and such inequality is demonstrated by all the other real properties assessed upon the same assessment roll, which are assessed at 26.70% of market value. Said property is assessed at $105,638, which is 282% of the market value of $37,452." The petition further alleges that "respondents have not applied the same rule, methods or systems of determining the valuation and computing the assessments upon the property of . . . petitioner and the property of persons other than . . . petitioner upon said respective assessment rolls." By pleading that respondents did not apply the same method of determining the valuation of petitioner's property as compared to other similar properties assessed on the same roll, petitioner sufficiently pleaded an unlawful selective reassessment claim in the 2014 petition (see generally Matter of Adams v Welch, 272 AD2d 642, 642-643 [2000]; Matter of Xerox Corp. v Sanger, 104 AD2d 720, 721 [1984]).

Next, Supreme Court did not abuse its discretion in directing respondents to permit petitioner to depose the Assessor subject to the restriction that such deposition would be limited to the underlying facts forming the basis for the assessment, which would pertain to the existence or nonexistence of a rational basis for the reassessment (see Matter of Niagara Mohawk Power Corp. v City of Saratoga Springs Assessor, 2 AD3d at 954; see generally Matter of Weiner v Board of Assessors &/or Assessor of Town/Vil. of Harrison, 69 AD3d 949, 950 [2010]. Finally, as an affirmation submitted by petitioner's counsel revealed, respondents categorically refused to permit the deposition of the Assessor without a court order. Therefore, Supreme Court properly concluded that petitioner did not violate 22 NYCRR 202.7 (see Matter of Greens at Washingtonville, Ltd. v Town of Blooming Grove, 98 AD3d 1118, 1118-1119 [2012]; Matter of Saratoga Prop. Devs., LLC v Assessor of City of Saratoga Springs, 62 AD3d 1107, 1108 [2009]).

Given that petitioner sufficiently pleaded a selective reassessment claim in the 2014 petition, Supreme Court properly denied respondents' motion to dismiss the 2015 petition. That petition was filed during the pendency of the 2014 proceeding and in compliance with the 30-day period provided for in RPTL 702

(2), and, therefore, is timely (compare Matter of Avery v Aery, 60 AD3d 1133, 1134-1135 [2009], lv dismissed 12 NY3d 888 [2009]). The selective reassessment claim asserted in the 2015 petition is not barred by the rule against claim splitting, as it pertained to respondents' 2015 assessment (see generally Matter of Carroll v Assessor of City of Rye, N.Y., 123 AD3d at 925). Respondents' remaining arguments have been considered and have been found to be without merit.

Egan Jr., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the orders are affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court