Matter of South Cent. Plaza, Inc. v Village of Spring Val. (2018 NY Slip Op 01930)





Matter of South Cent. Plaza, Inc. v Village of Spring Val.


2018 NY Slip Op 01930


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-03441
 (Index Nos. 31766/12, 32048/13, 31668/14)

[*1]In the Matter of South Central Plaza, Inc., appellant,
v
Village of Spring Valley, et al., respondents.


Mark Goodfriend, Suffern, NY (Jared M. Viders of counsel), for appellant.
Feerick Lynch MacCartney & Nugent, PLLC, South Nyack, NY (Alak Shah and Dennis Lynch of counsel), for respondents.



DECISION & ORDER
In three related tax certiorari proceedings pursuant to Real Property Tax Law article 7 to challenge the real property tax assessments for the subject property for the years 2012, 2013, and 2014, respectively, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Garvey, J.), dated April 6, 2016, as granted the respondents' motion to compel certain discovery pursuant to CPLR 408 and denied its cross motion, inter alia, to preclude the respondents from filing a trial appraisal.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The petitioner commenced these proceedings to review real property tax assessments for the years 2012, 2013, and 2014. The respondents, the Village of Spring Valley and its Assessor and Board of Assessment Review, moved pursuant to CPLR 408 to compel production of certain documents requested by their expert appraiser to assist in preparation of the trial appraisal. The petitioner opposed the motion, arguing, inter alia, that the respondents were precluded from obtaining the requested materials by their failure to timely request an audit pursuant to 22 NYCRR 202.59, and cross-moved, among other things, to preclude the respondents from filing a trial appraisal. The Supreme Court granted the respondents' motion and denied the petitioner's cross motion. The petitioner appeals.
Although 22 NYCRR 202.59 expressly directs the parties in a tax certiorari proceeding pursuant to RPTL article 7 to exchange certain documents and information, CPLR 408 provides the court with broad discretion in addressing discovery disputes not within the ambit of 22 NYCRR 202.59 and directing the disclosure of material and necessary information (see Matter of Greens at Washingtonville, Ltd. v Town of Blooming Grove, 98 AD3d 1118, 1119; Matter of Wendy's Rests., LLC v Assessor, Town of Henrietta, 74 AD3d 1916, 1917; Matter of American Cyanamid Co. [Lederle Labs] v Board of Assessors, 255 AD2d 440). Contrary to the petitioner's contentions, the respondents' failure to timely request an audit (see 22 NYCRR 202.59[c]) does not preclude the respondents from seeking information material and necessary to prepare trial appraisals (see 22 NYCRR 202.1[d]; 202.59[e]; Matter of Niagara Mohawk Power Corp. v City of Saratoga Springs Assessor, 2 AD3d 953, 954).
Here, the Supreme Court properly determined that the requested materials were [*2]material and necessary to the respondents' trial preparation and should be produced (see CPLR 3101[a]; 408; 22 NYCRR 202.59; Matter of Greens at Washingtonville, Ltd. v Town of Blooming Grove, 98 AD3d at 1119; Matter of Wendy's Rests., LLC v Assessor, Town of Henrietta, 74 AD3d at 1917).
The petitioner's remaining contentions are without merit or need not be reached in light of our determination.
MASTRO, J.P., CHAMBERS, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court