Matter of Cuzson Assoc. v Village of Spring Val. (2023 NY Slip Op 06043)

Matter of Cuzson Assoc. v Village of Spring Val.

2023 NY Slip Op 06043

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-04197
 (Index Nos. 31664/14, 31523/15)

[*1]In the Matter of Cuzson Associates, appellant, 
v
Village of Spring Valley, etc., et al., respondents.

Goodfriend, Saltzman & Goodfriend, Nanuet, NY (Mark F. Goodfriend of counsel), for appellant.
Harris Beach, White Plains, NY (Darius Chafizadeh of counsel), for respondents.

DECISION & ORDER
In related proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for the years 2014 and 2015, the petitioner appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated May 8, 2020. The order granted the respondents' motion pursuant to CPLR 408 to compel the petitioner to provide certain discovery.
ORDERED that the order is affirmed, with costs.
The petitioner commenced these two proceedings to review real property tax assessments for the years 2014 and 2015. The respondents, the Village of Spring Valley and its Assessor and Board of Assessment Review, moved pursuant to CPLR 408 to compel the petitioner to provide certain documents, including documents relevant to the preparation of a trial appraisal. The petitioner opposed the motion, arguing, inter alia, that the respondents were precluded from obtaining the requested materials by their failure to timely request an audit pursuant to 22 NYCRR 202.59. The Supreme Court granted the respondents' motion, and the petitioner appeals.
Although 22 NYCRR 202.59 expressly directs the parties in a tax certiorari proceeding pursuant to RPTL article 7 to exchange certain documents and information, CPLR 408 provides the court with broad discretion in addressing discovery disputes not within the ambit of 22 NYCRR 202.59 and in directing the disclosure of material and necessary information (see Matter of South Cent. Plaza, Inc. v Village of Spring Val., 159 AD3d 915; Matter of Greens at Washingtonville, Ltd. v Town of Blooming Grove, 98 AD3d 1118, 1119; Matter of Wendy's Rests., LLC v Assessor, Town of Henrietta, 74 AD3d 1916, 1917). Contrary to the petitioner's contentions, the respondents' failure to timely request an audit (see 22 NYCRR 202.59[c]) does not preclude them from seeking information material and necessary to prepare trial appraisals (see CPLR 408; 22 NYCRR 202.1[d]; 202.59[e]; Matter of South Cent. Plaza, Inc. v Village of Spring Val., 159 AD3d at 916; see also Matter of Niagara Mohawk Power Corp. v City of Saratoga Springs Assessor, 2 AD3d 953, 954).
Here, the Supreme Court providently exercised its discretion in determining that the requested materials were material and necessary to the respondents' trial preparation and should be produced (see CPLR 408, 3101[a]; 22 NYCRR 202.59; Matter of South Cent. Plaza, Inc. v Village [*2]of Spring Val., 159 AD3d at 916; Matter of Greens at Washingtonville, Ltd. v Town of Blooming Grove, 98 AD3d at 1119; Matter of Wendy's Rests., LLC v Assessor, Town of Henrietta, 74 AD3d at 1917). Accordingly, the court properly granted the respondents' motion pursuant to CPLR 408 to compel the petitioner to provide certain discovery.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court